**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BRIANNA GREENE**,<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, INC., et al.**<br><br>Defendants | **Civil Action No. 1:09-CV-7547**<br><br>**Hon. Judge Blanche M. Manning** |

**EXPERIAN INFORMATION SOLUTIONS INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY**

On December 4, 2009, Plaintiff Brianna Greene ("Plaintiff") filed her Complaint in this case, naming Experian Information Solutions, Inc. ("Experian") among eight total defendants. Two weeks after filing her complaint, and before Experian had filed an appearance, Plaintiff filed her Motion for Leave to Take Limited Expedited Discovery (the "Motion"). Plaintiff's purported reason for filing the Motion involves the potential expiration of the statute of limitations period for certain Fair Credit Reporting Act claims. Specifically, Plaintiff worries that the limitations period will run on potential 1681i claims against defendant credit reporting agencies and 1681s-2 claims against defendant credit furnishers (collectively the "2008 investigation claims").

On January 4, 2010, the Court entered an order continuing Plaintiff Motion until January 21, 2010. (Dkt. 32.) The order directed Plaintiff to confer with defendants to attempt to resolve issues raised by the Motion. (*Id.*) On January 19, 2010, Plaintiff's counsel contacted Experian's counsel regarding Plaintiff's expedited discovery request. After meeting and conferring with Plaintiff's counsel, Experian agreed to produce certain documents from 2008 relating to

Plaintiff's disputes lodged with other credit reporting agencies and/or credit furnishers.[1] These

documents include copies of Plaintiff's 2008 credit disclosure, a fraud alert letter sent to Plaintiff

in October, and copies of Transaction Logs containing information regarding disputes Plaintiff

filed with Equifax in 2008 and the responses received from various credit furnishers in response

to Equifax's requests for investigation.

On January 21, 2010, the Court entered a second order continuing Plaintiff's Motion until

January 26, 2010.  (Dkt. 38.)  Subsequently, on January 25, 2010, Plaintiff, Experian, and several

other of the named defendants held an initial 26(f) conference to discuss a proposed discovery

plan.  During that call, counsel for GE Money Bank suggested that Plaintiff continue her motion

until the parties had the opportunity to exchange their Rule 26(a)(1) disclosures, which

Defendants' believe would adequately address the limited issue raised by Plaintiff's motion.

Plaintiff counsel declined GE Money Bank's suggestion.  Plaintiff's counsel informed the parties

that if the Court were to grant the Motion, Plaintiff would seek all discovery be provided within

one week.

The Parties' inability to negotiate any compromise regarding Plaintiff's expedited

discovery requests has forced Experian to file its opposition.  Despite requesting leave to conduct

discovery relating only to the "very limited" issue of the 2008 investigation claims, Experian's

agreement to produce documents relating to that limited issue, and GE Money Bank's suggestion

that Plaintiff continue her motion until after the parties exchanged their Rule 26(a)(1)

disclosures, Plaintiff still seeks expansive additional expedited discovery.  Functionally, Plaintiff

---

[1] There is no indication that Plaintiff requested that Experian conduct any sort of reinvestigation of credit information in 2008.  During the parties' meet and confer, Plaintiff's counsel stated that he was currently unaware of any instance in which Plaintiff requested Experian undertake a reinvestigation of information appearing in Plaintiff's credit file in 2008.  Accordingly, Experian has been unable to locate any documents or other information suggesting that Plaintiff requested Experian perform a reinvestigation of any credit information in 2008.

seeks discovery regarding all potential aspects of her (and other non-party consumer's) credit, demanding that each defendant identify <u>all</u> communications it had with any third party regarding Plaintiff *or a consumer with the name Larquette Green*, as well as <u>all</u> documents "concerning plaintiff and/or Larquette Green" and <u>all</u> documents describing any internal notation contained in any document produced by defendants.  Plaintiff's request for additional expedited discovery is nothing more than a thinly veiled attempt to force defendants to engage in overbroad discovery outside of the formal requirements of the Federal Rules.  *See* Fed. R. Civ. P. 26, 33, 34.  Besides not being supported by a single point of authority, Plaintiff's motion should be denied for several reasons:   (1) the expedited discovery requests are needlessly overbroad, (2) the expedited discovery requests are not tailored to address Plaintiff's "limited" concerns regarding the 2008 investigation claims, (3) Plaintiff's requests constitute an impermissible fishing expedition, (4) Plaintiff's requests seek confidential trade secret information, and (5) Plaintiff seeks irrelevant private and confidential credit information regarding a non-party consumer.

## ARGUMENT

### I.    LEGAL STANDARD

"Expedited discovery is not the norm."  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 623 (N.D. Ill. 2000).  Courts "must protect defendants from unfair expedited discovery" and "the requirement that a plaintiff obtain leave of court for expedited discovery serves to maintain the fairness of civil litigation." *Id.* at 623.  Courts "should not grant such leave without some showing of the necessity for the expedited discovery." *Id.*  Thus, given the exceptional nature of the remedy, a party seeking expedited discovery bears the burden of showing a good cause for departing from the usual discovery procedures.  *See id.*; *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

When considering whether a moving party has shown good cause, this Court should consider the reasonableness of the moving party's request in light of the entire record to date and all of the surrounding circumstances. *See Merrill Lynch*, 194 F.R.D. at 624; *Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority*, 234, F.R.D. 4, 6 (D.D.C. 2006). Factors commonly considered in determining the reasonableness of expedited discovery include, "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Disability Rights Council*, 234 F.R.D. at 6 (quoting *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005). A review of these factors weights heavily against granting Plaintiff's Motion.

II.     **NO REASON EXISTS FOR EXPEDITING DISCOVERY IN THIS CASE**

Plaintiff lacks good cause to seek additional expedited discovery from Experian. Experian has already agreed to produce documents responsive to Plaintiff's limited expedited discovery interrogatory and document requests regarding the 2008 investigation claims. *See* Fed. R. Civ. P. 33(d). Plaintiff's requests for additional expedited discovery are unreasonable, as the factors considered by courts weigh heavily against Plaintiff.

A.     **There Is No Pending Preliminary Injunction Hearing**

Whether or not a preliminary injunction hearing is pending is one factor to be evaluated, among others, when considering whether to grant a motion for expedited discovery. Here, this factor weighs against Plaintiff as there is no pending preliminary injunction hearing for which the parties need to prepare, rendering the need for expedited discovery less urgent. *See Entm't Tech. Corp.*, 2003 U.S. Dist. Lexis 19832, at *12, 16.

B.　　**Plaintiff's Discovery Requests Are Overbroad**

Plaintiff's Motion seeks virtually limitless discovery, demanding interrogatory responses and documents that go well beyond Plaintiff's alleged intent on discovering whether there were additional 2008 investigation claims. Such requests are not suited for expedited discovery. *See Better Packages, Inc. v. Zheng,* No. 05-4477, 2006 WL 1373055, *3 (D. N.J. May 17, 2006) (court should weigh the need for expedited discovery against the breadth of the discovery requests); *Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*; No. 98-cv-2782, 1998 WL 404280, *2 (E.D. Pa. July 15, 1998) ("courts generally deny motions for expedited discovery when the movant's discovery requests are overly broad").

Despite Plaintiff's assertion that she seeks "very limited" discovery, it is hard to imagine that Plaintiff could draft discovery requests that cast a wider net than those propounded by her Motion. Indeed, Plaintiff demands that every named party, including Experian, produce, among other things, "All documents concerning plaintiff and/or Larquette Green, or any account, number, symbol or designation relating to either of those persons," and "All documents which describe or explain any symbols, insignia, keys, codes or other internal notation included in any document or material produced." These are not the types of narrowly tailored discovery requests that are properly the subject of expedited discovery. *See Merrill Lynch*, 194 F.R.D. at 621 (denying motion for expedited discovery where Plaintiff propounded unfettered written discovery without attempting to "tailor the discovery sought" to the specific issues raised by the motion). This Court should not grant Plaintiff leave to propound such untargeted interrogatories and requests for production outside of the strictures of the formal discovery process. *See In re: Fannie Mae Derivative Litigation*, 227 F.R.D. 142, (D.D.C. 2005) (denying Plaintiff's expedited discovery request as a "thinly veiled attempt to circumvent the normal litigation process").

C.      **Plaintiff's Requests Are Not Relevant To The Purpose of The Requested Discovery: Uncovering Additional 2008 Investigation Claims**

Plaintiff seeks expedited discovery to determine whether Equifax (the consumer reporting agency allegedly contacted by Plaintiff in 2008) or any other credit bureaus and credit furnishers failed to conduct a reasonable reinvestigation in January 2008.    Pursuant to Plaintiff's own pleadings (*see* Dkt. 1), Plaintiff did not request that Experian conduct a reinvestigation in 2008. Thus, Experian's role for purposes of the present Motion is limited to its ability to shed light on the nature of Plaintiff's disputes with other credit reporting agencies and/or the subsequent responses by credit furnishers during 2008.  Given that limited role, Experian has already agreed to produce documents from 2007 and 2008 related to any communications received from other credit reporting agencies and/or creditors regarding their reinvestigation/verification of Plaintiff disputes in 2008.

Despite Experian's offer, Plaintiff continues to demand that Experian immediately produce any and all additional documents "referring" to Plaintiff or Larquette Green – no matter their date, confidentiality, or relevance.  Plaintiff makes these requests without explaining why such additional and expansive discovery is necessary to address the limited issues raised in her motion, other than her unsupported assertion that she is "entitled to" the documents in the normal course of discovery.  Plaintiff's *ipse dixit,* however, is insufficient to require such expansive expedited discovery.  *See Stephens v. Chicago,* 203 F.R.D. 353, 358 (N.D. Ill. 2001) (plaintiff may not rely on conclusory allegations "as the predicate to launch overly broad and predatory discovery requests").    Indeed, the additional requests have no relevance to the 2008 reinvestigation claims and are simply open-ended broadsides that "go directly to the merits of [p]liantiff's claims," *and beyond*, and inevitably "would lead to the parties conducting nearly all discovery in an expedited manner . . . ."  *Better Packages*, 2006 WL 137055 at \*5 (denying

6

expedited discovery against third party because it was overbroad); *Accord Entm't Tech.*, 2003 WL 22519440 at \*6 (denying expedited discovery as overbroad and going "to what may be ultimate issues in [the] case"); *Qwest*, 213 F.R.D. at 420-21 (denying expedited discovery primarily because it was overly broad, as evidenced by use of the words "all," "concerning," and "related"); *Merrill Lynch*, 194 F.R.D. at 621-23 (denying expedited discovery requests because they were overly broad and sought irrelevant matter).  For this reason too, Plaintiff's Motion should be denied.

        D.      **Plaintiff's Requests Place An Undue Burden On Experian**

Plaintiff's requests for expedited discovery also place an undue burden on Experian, as they represent an improper fishing expedition, and seek trade secret and confidential third-party consumer credit information unrelated to the 2008 investigation claims.

        1.      **Plaintiff's requests are an impermissible fishing expedition**

As explained above, Plaintiff's requests are overbroad and not tailored to illicit information related to the 2008 investigation claims.  Instead, Plaintiff's requests seeks any and all documents referring to Plaintiff or Larquette Green irregardless of their relevance to the issues raised in Plaintiff's Motion or even her claims against Experian and the other defendants. Without any explanation as to why information regarding <u>every</u> communication and document relating to Plaintiff, Larquette Green, or "similar" is relevant to Plaintiff claims – let alone her request for expedited discovery—Plaintiff's requests can be viewed as nothing more than a fishing expedition.  This Court should not sanction such discovery tactics. *See Brenneman v. Knight, 297 Fed.Appx. 534, 538, 2008 WL 4748516, 2 (7th Cir. 2008)*("requiring the staff to conduct a fishing expedition, particularly of the magnitude Brenneman requested, would have imposed too great a burden."); *E.E.O.C. v. Harvey L. Walner & Associates, 91 F.3d 963, 971-972 (7th Cir. 1996); Todd by Todd v. Merrell Dow Pharmaceuticals, Inc., 942 F.2d 1173, 1178*

*(7th Cir. 1991)*("Todd's speculation that Merrell Dow must possess unspecified additional information is not sufficient grounds to embark upon a virtually boundless fishing expedition.").

      2.      **Plaintiff seeks irrelevant confidential, proprietary, and trade secret information**

The undue burden of Plaintiff's discovery tactics is magnified by the fact that she seeks, in part, the production of certain irrelevant types of Experian documents containing highly confidential and proprietary information. These identified documents fall into two categories and include: (1) "Admin Logs" (typically referred to as "Admin Reports") and "Disclosure Logs" (collectively referred to as "Trade Secret Documents"). Neither of these types of documents is used in the regular course of Experian's credit reporting business and neither contain information regarding the 2008 reinvestigation claims. They do, however, contain highly confidential internal Experian codes and information which form the backbone of Experian's proprietary credit reporting system. The Trade Secret Documents reflect confidential Experian computer codes and procedures unique to Experian's computer system and provide information as to the design and architecture of Experian's credit reporting system and procedures. Thus, the type, nature and manner of display of the information in the Trade Secret Documents, while useless in addressing Plaintiff's present concern regarding the 2008 investigation requests, can be used to reverse-engineer Experian's computer system and to ultimately erode Experian's competitive advantage. Stated another way, increased access to the Trade Secret Documents increases the probability that outsiders will be able to discern the design of Experian's credit reporting system—such disclosure would amount to Experian being required to hand out the keys to its business.

### 3.   **Larquette Green's credit file is not relevant to the 2008 Investigation Claims and contains confidential information regarding a non-party**

Plaintiff's Motion also asks this Court to force Experian to open up its records regarding a separate non-party consumer, at the expense of that consumer's privacy rights, even though the information in that consumer's file is not probative of whether or not any of the defendants conducted a reinvestigation of information in *Plaintiff's* credit file in 2008.[2] The underlying litigation involves the reporting of Plaintiff's credit history. Plaintiff is the only person that has put the investigation of her credit information at issue, and she is the only person whose credit information is relevant. It is hard to fathom how information contained in a separate consumer's credit file – *which was not part of Plaintiff's credit file* – could possibly have any relevance to whether Equifax or any other credit reporting agency or credit furnisher properly handled the investigation of Plaintiff's credit information in 2008.

Even if the Court finds that the contents of non-party *Larquette Green's* Experian credit file could possibly have some mysterious relevance to the 2008 investigation claims, the Court should nonetheless deny the Motion because any slight possible upside is far outweighed by the downside inherent in violating the privacy rights of innocent non-parties. Experian has a grave responsibility to do everything it can to protect the privacy interests of the hundreds of millions of consumer whose highly sensitive personal information is has been entrusted. The information contained in a credit report is extremely personal information that most consumers would not want subject to the whims of any attorney in a case to which the consumer is not a party (and

---

[2] Nor is such information relevant to Plaintiff's existing claims as alleged in her complaint. Plaintiff strains to support her Motion by positing that Experian, along with the other credit reporting agencies, mixed Plaintiff's and Larquette Greene's credit information into *one* credit file. (*See* Dkt. 1 at ¶ 13,19-20.) However, even if Plaintiff's mixed file hypothesis were true (which Experian denies), Larquette Green's separate file would be totally irrelevant because it would not contain any of the information or accounts allegedly *mixed into Plaintiff's credit file*. The question in this lawsuit is whether defendants' failed to follow reasonable procedures in reporting information on *Plaintiff's* credit file. The answer to that question is not impacted at all by what information appears on a completely different consumer's file.

without notice that a third-party is seeking their personal credit information). Because the privacy concerns at issue here are of the utmost importance, and because those concerns far outweigh any possible benefit to producing the information sought, the Court should deny Plaintiff's Motion to take discovery regarding the credit file of "'Larquette Green' or similar[ly]" named consumers. *See Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994) (affirming District Court's ruling that protecting privacy concerns "justified limiting counsel's ability to root through personnel files"); *Onwuka v. federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997) (noting that "courts have been reluctant to permit discovery, when the requested disclosure would intrude upon the privacy interests of other non-part[ies]")

E.      **Plaintiff's Request Was Made At Too Early A Point In The Case.**

The final factor considered when evaluating a motion for expedited discovery – how far in advance of the typical discovery process a request was made – also weighs against Plaintiff. Here, the request was made before the parties had filed appearances, have submitted responsive pleadings, before the parties held their Rule 26(f) conference, and before the Court has held any scheduling conference. The added burden on the parties to respond to such broad-brush discovery requests on such short notice supports denial of Plaintiff's Motion.

## CONCLUSION

For the reasons set forth above, this Court should deny Plaintiff's Motion For Leave To Take Limited Expedited Discovery.

Dated:  January 25, 2010                                    Respectfully submitted,


/s/ Gabriel H. Scannapieco
Gabriel H. Scannapieco
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL  60601-1592
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
gscannapieco@jonesday.com


*Attorney for Defendant*
*Experian Information Solutions, Inc.*

11

**CERTIFICATE OF SERVICE**

I, Gabriel H. Scannapieco, certify that on the 25th day of January, 2010, I served the foregoing **Experian Information Solutions, Inc.'s Opposition to Plaintiff's Motion For Leave To Take Expedited Discovery** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

| | | |
|---|---|---|
| **Alexander Holmes Burke**<br>Burke Law Offices, LLC<br>155 N. Michigan Ave.<br>Suite 9020<br>Chicago, IL 60601<br>(312) 729-5288<br>Email:ABurke@BurkeLawLLC.com | **William R. Brown**<br>**Robert J. Schuckit**<br>Schuckit & Associates, P.C.<br>30th Floor, Market Tower<br>10 W. Market Street, Suite 3000<br>Indianapolis, IN 46204<br>317 363 2400<br>Fax: 317-363-2257<br>Email: wbrown@schuckitlaw.com<br>Email: rschuckit@schuckitlaw.com<br><br>**Michael Joseph Sreenan**<br>Michael J. Sreenan<br>853 N. Elston Avenue<br>Chicago, IL 60622<br>(773)549-8700<br>Email: msreenan@sreenanpc.com | **Michael D. Douglas**<br>King & Spalding, LLP<br>Business Litigation<br>1180 Peachtree Street, NE<br>Suite 1700<br>Atlanta, GA 30309<br>(404) 572-4600<br>Fax: (404) 572-5100<br>Email: mdouglas@kslaw.com<br><br>**Jeremy S. Unruh**<br>Polsinelli Shughart PC<br>161 North Clark Street<br>Suite 4200<br>Chicago, IL 60601<br>312-873-3617<br>Email: junruh@polsinelli.com |
| **Lawrence Mitchell Benjamin**<br>**Tonya Gentry Newman**<br>Neal, Gerber & Eisenberg<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL 60602<br>(312) 269-8000<br>Email: lbenjamin@ngelaw.com<br>Email: tnewman@ngelaw.com | **Daniel J. O'Rielly**<br>O'Rielly & Roche LLP<br>161 N. Clark Street<br>Suite 4700<br>Chicago, IL 60601<br>(312) 523-2102<br>Fax: (312) 523-2030<br>Email: djo@oriellyroche.com | **Jennifer Hollenbeck Sarhaddi**<br>**Jeffrey D. Pilgrim**<br>Grady Pilgrim Christakis Bell LLP<br>53 West Jackson Boulevard<br>#715<br>Chicago, IL 60604<br>(312) 379-8542<br>Email: jsarhaddi@gradypilgrim.com |
| **Jill A. Cheskes**<br>**Sara Marie Stertz**<br>SmithAmundsen, LLC<br>150 North Michigan Avenue<br>Suite 3300<br>Chicago, IL 60601<br>(312) 894-3200<br>Email: jcheskes@salawus.com<br>Email: sstertz@salawus.com | | |

/s/ Gabriel H. Scannapieco
Gabriel H. Scannapieco