## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS (CHICAGO)

---

BRIANNA GREENE,
      Plaintiff,

    vs.

EQUIFAX INFORMATION SERVICES, INC.;
TRANSUNION, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
GE MONEY BANK; AT&T MOBILITY, LLC;
BANK OF AMERICA, NA; HSBC USA INC., and
CITIBANK (SOUTH DAKOTA) N.A.,
      Defendants.

CASE NO. 1:09-cv-07547

Judge Blanche M. Manning

Mag. Judge Marie Valdez

---

### DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT & AFFIRMATIVE DEFENSES

---

Defendant Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

1.    Brianna Greene ("plaintiff") files this complaint to secure redress for defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. [sic], and the Illinois Consumer Fraud Act 815 ILCS 505/2 et seq [sic].

**ANSWER**: Trans Union denies that it violated the Fair Credit Report Act (the "FCRA"), 15 U.S.C. § 1681 et seq., or any other law. Trans Union denies that the remaining statements of this paragraph require a response from Trans Union.

## PARTIES

2.       Plaintiff is an individual who resides in this district.

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to admit or deny the allegations of this paragraph.

3.       Defendant Equifax Information Services, Inc. ("Equifax") is a foreign corporation incorporated under the laws of the State of Georgia and registered to do and doing business in the State of Illinois through its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

4.       Defendant TransUnion, LLC ("Trans Union") is a consumer reporting agency that does business in Illinois. It has an office at 555 W Adams, Chicago, Illinois 60661. Its registered agent in Illinois is Prentice Hall Corp., 33 N. LaSalle St., Chicago, Illinois 60602.

**ANSWER:**  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union further admits that it does business in Illinois, has offices at 555 W. Adams, Chicago, Illinois 60661, and that its registered agent in Illinois is Prentice Hall Corp., 33 N. La Salle St., Chicago, Illinois 60602.

5.       Defendant Experian Information Solutions, Inc. is a consumer reporting agency. Its registered agent in Illinois is CT Corporation Service, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

6.     Defendant GE Money Bank is a consumer lending institution. Its registered agent in Ohio is Diane Dix, c/o GE Consumer Finance, Inc. 950 Forrer Blvd, Kettering, OH 45420.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule (8)(b)(1)(B).

7.     Defendant AT&T Mobility is a mobile phone company that regularly provides cellular telephone service to consumers, along with telephones to use those services, on credit.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 9(b)(1)(B).

8.     Bank of America, NA ("Bank of America") is a national bank with branch offices in Chicago, Illinois. It is based in Charlotte, North Carolina, and has branches in this District.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 9(b)(1)(B).

9.     HSBC USA, Inc. ("HSBC") is a Maryland corporation that is the owner of HSBC's credit card operations. The credit cards are serviced by other HSBC entities. Upon information and belief, HSBC USA, Inc. issued or owned the "HSBC BANK" and "HSBC/BOSTN" credit accounts listed on plaintiff's credit report.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 9(b)(1)(B).

10.     Defendant Citibank (South Dakota) N.A. ("Citi") is a national bank that issues credit cards, including a Sears branded card. Its headquarters are in Sioux Falls, South Dakota.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 9(b)(1)(B).

## JURISDICTION

11.     This Court has federal question jurisdiction to hear this case under the Fair Credit Reporting Act, 15 U.S.C. § 1681p and supplemental jurisdiction over the state law claims.

**ANSWER:**  Trans Union admits that to the extent Plaintiff's complaint states a claim against Trans Union under the FCRA, this Court has jurisdiction over such claim under § 1681p of the FCRA and 28 U.S.C. § 1331 (federal question jurisdiction).  Trans Union admits that to the extent Plaintiff's complaint states any claims under State law that are not preempted by the FCRA and that arise out of the same set of facts and circumstances, this Court would have jurisdiction over those claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).  Trans Union states that it has insufficient knowledge to or admit or deny the remaining allegations of this paragraph and, so stating, denies them.

12.     Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred here.

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to form a belief about the truth of the statements contained in this paragraph.

## FACTS

13.    In or around January 2008, plaintiff was interested in exploring the possibility of a real estate purchase. She had a tri-merge credit report pulled on January 30, 2008, and discovered several erroneous accounts were being reported. She was also listed as having an alias of "Laquette M. Green."

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to admit or deny the allegations contained in this paragraph.

14.    Those erroneous tradelines included:

    a.    SEARS/CBSD

    b.    HSBCBANK

    c.    HSBC/BOSTN

    d.    GEMB/WALMGEMB/JCPENNEYDC

    e.    BKOFAMER

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to admit or deny the allegations contained in this paragraph.

15.    Plaintiff called all three consumer reporting agencies in or about February 2008 to inquire about the tradelines on the tri-merge.

**ANSWER:**  Trans Union admits that plaintiff contacted Trans Union via telephone on or about January 30, 2008.  Trans Union has insufficient knowledge or information to form a belief about the remaining allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations of this paragraph require a response from Trans Union.

16.    Experian and Trans Union each told plaintiff on the phone that none of the tradelines she was complaining about were on her consumer report.

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to admit or deny the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

17.    Equifax was reporting the erroneous information. Plaintiff told Equifax over the telephone that she had never been known as "Larquette" or anything similar, and told Equifax that several tradelines that appeared on her Equifax tri-merge report did not belong to her. Equifax told plaintiff that the problem was likely its fault, and instructed plaintiff to send them a fax.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

18.    In or about April 2008, plaintiff sent Equifax a facsimile again disputing those tradelines.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

19.    Over the next several months, the other consumer reporting agencies began reporting either plaintiff's alias or name as Larquette Green, and began reporting erroneous information on plaintiff's consumer report.

**ANSWER**:  Trans Union states that it has insufficient knowledge or information to admit or deny the allegations contained in this paragraph as they apply to Trans Union.  Trans Union

denies that the remaining allegations contained in this paragraph require a response from Trans

Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

20.     The defendant consumer reporting agencies "mixed" plaintiff's credit information

with that of Larquette Green.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply

to Trans Union.  Trans Union denies that the remaining allegations contained in this paragraph

require a response from Trans Union as they do not constitute a claim against Trans Union under

Rule 8(b)(1)(B).

21.     On September 30, 2009, plaintiff's legitimate credit card company lowered her

credit limit on her credit card for reasons that may only be attributed to defendants' actions and

the mixed file:

> SERIOUS DELINQUENCY AND PUBLIC RECORD OR COLLECTION FILED
> DELINQUENCY DATE TOO RECENT OR UNKNOWN
> PROPORTION OF REVOLVING BALANCES TO REVOLVING CREDIT LIMIT IS
> TOO HIGH
> FREQUENT DELINQUENCY

**ANSWER:**  Trans Union has insufficient knowledge or information to form a belief

about the truth of the allegations regarding the actions of "plaintiff's legitimate credit card

company" or the reasons therefor.  Trans Union denies the remaining allegations contained in

this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations

of this paragraph require a response from Trans Union as they do not constitute a claim against

Trans Union under Rule 8(b)(1)(B).

22.     In or about October 7 2008, plaintiff asked Equifax to place a fraud alert on her

credit report. On the same call, Equifax sold plaintiff its "ID Patrol" product, which was

supposed to "lock" plaintiff's credit and protect her from identity theft.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

23.    Equifax instituted a temporary 90 day fraud alert for plaintiff, and, upon information and belief, contacted the other credit bureaus to notify them of the fraud alert. Plaintiff recalls paying Equifax for an extended seven-year fraud alert on that same call, too, but does not know if the extended fraud alert was ever instituted.

**ANSWER:**  Trans Union admits that it received a CDIA Fraud Alert Exchange notice from Equifax on or about October 8, 2008, that contained the consumer name "Larquette Green," the address XXXX X. XXXXXX XX. XXX XXXXX, Chicago, IL  XXXXX and the social security number XXX-XX-2376.  Trans Union denies that the remaining allegations of this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

24.    In fact, all three credit reporting agencies' letters to plaintiff confirming the fraud alert were addressed to "Larquette M. Greene" at plaintiff's legitimate Chicago address.

**ANSWER:**  Trans Union admits that it sent a letter addressed to "Larquette Green" to XXXX X. XXXXXX XX. XXX XXXXX, Chicago, IL  XXXXX.  Trans Union denies the remaining allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

25.    Also in or October 2008, plaintiff did a police report because she believed that a person named "Larquette Green" stole plaintiff's identity.

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to admit or deny the statements contained in this paragraph.

26.     Upon information and belief, Larquette Green applied for credit many times using her own name, address in Milwaukee, Wisconsin, and her own birthday. Upon information and belief, the only piece of information Larquette Green used that linked her with plaintiff was plaintiff's social security number.

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to admit or deny the allegations contained in this paragraph.

27.     Alternatively, Larquette Green did not attempt to open credit in plaintiff's name, and the defendants provided plaintiff's social security number to potential creditors, which resulted in accounts being improperly linked with plaintiff's identity, and her credit mixed with Larquette Green's.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

28.     In either event, each of the three defendant credit bureaus issued consumer reports and/or plaintiff's personal data to third parties with obviously erroneous data on them.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

29.    Upon information and belief, based upon collection telephone calls plaintiff received, there was also an account opened by AT&T Mobility that was linked to plaintiff.

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to admit or deny the statements contained in this paragraph.

30.    In or about April 2009, after plaintiff instituted her fraud alert with Equifax, another credit account, this time with Macy's, which is also a Citibank card, was permitted to be opened in plaintiff's name.

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to admit or deny the statements contained in this paragraph.

31.    Upon information and belief, each of the three defendant credit bureaus issued plaintiff's consumer report to third parties that the bureaus should have known did not have a permissible purpose to request or receive such.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations require a response from Trans Union.

32.    Plaintiff did not learn, nor could she have learned with reasonable diligence, about any of the violations complained of herein until, at the earliest, January 30, 2008, when she had her credit report pulled.

**ANSWER:**  Trans Union states that it has insufficient knowledge or information to admit or deny the statements contained in this paragraph.

## COUNT I - 1681e(b) - Equifax, Experian and Trans Union

33.    Plaintiff incorporates all previous paragraphs. This Count is against Equifax, Experian and TransUnion [sic].

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

34.    Credit bureaus are required to follow reasonable procedures designed to assure maximum possible accuracy of consumers' credit reports.

**ANSWER:**  Trans Union admits that under the FCRA, 15 U.S.C. § 1681e(b), whenever a consumer reporting agency prepares a consumer report, it is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  Trans Union denies the remaining allegations contained in this paragraph.

35.    Either defendants' procedures for compiling plaintiff's consumer report were not reasonable, or they did not follow the procedures they had with respect to plaintiff's consumer reports. Either way, each separately violated 15 U.S.C. § 1681e(b) with respect to plaintiff multiple times when they issued consumer reports with plaintiff's data mixed with someone else's data.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations of this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

36.    Defendants' violations of section 1681e(b) was [sic] either willful, or negligent. 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations of this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

37.    Plaintiff was damaged by these violations.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.  Trans Union denies that the remaining allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax, Experian and Trans Union for:

a.    Actual, statutory and punitive damages;

b.    Attorney's fees and costs of suit; and

c.    Any other relief the Court deems appropriate.

**ANSWER:**  Trans Union denies that plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**COUNT II [-] 1681b - Equifax, Experian and Trans Union**

38.    Plaintiff incorporates all previous paragraphs.   This Count is against Equifax, Experian and TransUnion.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

39.    The general rule is that consumer reporting agencies are not permitted to share consumer reports with anyone. There are limited exceptions to that rule.

**ANSWER:**  Trans Union admits that under the FCRA, 15 U.S.C. § 1681b, a reporting agency may furnish a consumer report under certain enumerated circumstances and no others. Trans Union denies the remaining allegations contained in this paragraph.

40.    None of the credit reporting agency defendants had a permissible purpose to share plaintiff's consumer report with any person requesting information about "Larquette Green."

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations contained in this paragraph require a response from Trans Union.

41.    Defendants' violations of section 1681b were either willful, or negligent. 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

42.    Plaintiff was damaged by these violations.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax, Experian and Trans Union for:

a.    Actual, statutory and punitive damages;

b.    Attorney's fees and costs of suit; and

c.      Any other relief the Court deems appropriate.

**ANSWER:**  Trans Union denies that plaintiff is entitled to any damages, costs, fees or other form of relief from Trans Union.

## COUNT III - Illinois Consumer Fraud Act

43.    Plaintiff incorporates all previous paragraphs. This Count is against Citi, HSBC, GE Money Bank and Bank of America.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.  Trans Union denies that the remaining allegations of this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

44.    Other creditors, such as Sprint, called plaintiff to verify whether it was plaintiff who was trying to open an account, or someone else. Upon information and belief, Capital One also received a credit application, and declined to extend credit because of suspected fraud.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

45.    Consumer reporting agencies are required to notify creditors when the address listed in the request for a credit report is different than the address in the consumer reporting agency's files.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

46.    Upon information and belief, the consumer reporting agencies did, in fact, notify each of the above creditors that the address in the request for the consumer report was different from the address linked to plaintiff's social security number.

**ANSWER:**  Trans Union states that it has insufficient knowledge at this time to admit or deny the statements contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

47.    These defendants were reckless and wanton in issuing credit to a person other than plaintiff, when they knew or should have known based upon the disparate information, that the applications were fraudulent.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

48.    Such actions and inactions constitute a fraudulent omission in violation of the Illinois Consumer Fraud Act.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

49.    Approving a fraudulent application for credit when the creditor should know the application was fraudulent is also unfair within the meaning of the Illinois Consumer Fraud Act because:

      a.    Sound public policy dictates that a potential creditor give special scrutiny to possibly fraudulent credit applications;

      b.    it is reasonable to assume that such omissions will adversely affect a consumer who has no idea that her rights have been violated, and therefore cannot protect herself from such; and

       c.      The unknowing consumer is adversely affected.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph including its subparts require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

50.    Plaintiff was damaged by these violations.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph including its subparts require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Citi, HSBC, GE Money Bank and Bank of America for:

       a.      Actual and punitive damages;

       b.      Attorney's fees and costs of suit; and

       c.      Any other relief the Court deems appropriate.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

### COUNT IV - Section 1681s-2(b) - GE Money Bank

51.    Plaintiff incorporates all previous paragraphs. This Count is against GE Money Bank. Plaintiff also puts Citi, HSBC and Bank of America on notice that there may have been violations of 15 U.S.C. §1681s-2(b) by those companies, and that she intends to sue them if further investigation reveals such violations.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.   Trans Union denies that the remaining allegations of this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

52.   Upon information and belief, when plaintiff disputed the accuracy of several tradelines with Equifax on the telephone in about February 2008, and again by facsimile in about April 2008, Equifax forwarded those disputes to the respective creditors, including Citi, HSBC, GE Money Bank and Bank of America.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

53.   Upon information and belief, based upon the fact that a GE Money Bank account that was disputed turned up on subsequent credit reports of plaintiff's, GE Money Bank erroneously reported that the account was that of plaintiff.

**ANSWER:**  Trans Union states that it has insufficient knowledge or information at this time to admit or deny the statement that, "a GE Money Bank account that was disputed turned up on subsequent credit reports of plaintiff's."  Trans Union denies that the remaining allegations of this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

54.   Upon information and belief, Equifax also requested that Citi, HSBC and Bank of America investigate whether the accounts were those of plaintiff. If any of those companies reported incorrect information back to Equifax, then Citi, HSBC or Bank of America may have liability.

**ANSWER:**  Trans Union denies that the allegations of this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

55.    Defendant willfully and/or negligently failed to accurately report plaintiff's credit card account after having conducted an investigation pursuant to section 1681s-2(b).

**ANSWER:**  Trans Union denies that the allegation contained in this paragraph requires a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

56.    Plaintiff was damaged by defendant's wrongful conduct.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against GE Money Bank for:

      a.  Actual, statutory and punitive damages;

      b.  Attorney's fees and costs of suit; and

      c.  Any other relief the Court deems appropriate.

**ANSWER:**    Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

## COUNT V - 1681i - Equifax

57.    Plaintiff incorporates all previous paragraphs. This Count is against Equifax.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

58.     Consumer reporting agencies such as Equifax are required to "reinvestigate" credit report tradelines that consumers dispute, pursuant to 15 U.S.C. §1681i.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

59.     Upon information and belief, Equifax failed to adequately reinvestigate plaintiff's disputes, the oral dispute and the faxed dispute, and possibly others.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

60.     Had it adequately reinvestigated the tradelines, it would have noticed the obvious errors and contradictions in its credit reporting. Equifax may have also permitted a GE Money Bank account to be reinserted after it had been deleted pursuant to a request for reinvestigation.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

61.     Defendant's violations of section 1681i were either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

62.     Plaintiff was damaged by defendants'[sic] actions and inactions.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:

> a.     Actual, statutory and punitive damages;
>
> b.     Attorney's fees and costs of suit; and
>
> c.     Any other relief the Court deems appropriate.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

### COUNT VI - Illinois Consumer Fraud Act – Equifax

63.     Plaintiff incorporates all previous paragraphs. This Count is against Equifax.

**ANSWER:**  Trans Union reasserts its answers and responses as set forth herein.  Trans Union denies that the remaining allegations of this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

64.     Plaintiff incorporates all previous paragraphs [sic].

**ANSWER:**  Trans Union reasserts its answers and responses as set forth herein.

65.     Equifax sold plaintiff an identity theft prevention product during a telephone call plaintiff made to Equifax to complain about erroneous tradelines on her Equifax credit report.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

66.     Equifax sold plaintiff this identity theft prevention product even though the operator/salesperson admitted during the telephone call that the problem was likely the fault of Equifax, and not of identity theft.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

67.     It is an unfair practice for a company that has created the problem of a mixed credit file through its own reckless policies, to urge a consumer to purchase a product designed to stop such from happening, [sic] It is also deceptive to offer such a product to a consumer who is confused and vulnerable because of the company's recklessness.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

68.     The service Equifax sold plaintiff included obtaining copies of her credit report for a charge.

**ANSWER:**  Trans Union denies that the statement contained in this paragraph requires a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

69.     Equifax's actions were unfair because:

a.      Sound public policy dictates that a company should not be permitted to create a problem, or perceived problem, and then attempt to sell consumers a product designed to solve that problem;

b.       It is oppressive to sell an identity theft prevention product to a consumer when that consumer has contacted the company to complain about a mixed credit file;

c.       Plaintiff was adversely affected. She paid for a service she did not need, and for which there were cheaper or free alternatives available, such as a security freeze and ordering her free credit report. 815 ILCS 505/2B.2. 70. Plaintiff was damaged by these violations.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph including its subparts require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:

a.       Actual and punitive damages;

b.       Attorney's fees and costs of suit; and

c.       Any other relief the Court deems appropriate.

**ANSWER:**  Trans Union denies that the allegations contained in this paragraph require a response from Trans Union as they do not constitute a claim against Trans Union under Rule 8(b)(1)(B).

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


*s/ William R. Brown*
William R. Brown, Esq.  (IL # 26782-48)
Robert J. Schuckit, Esq.  (IL #6183900)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN  46204
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  wbrown@schuckitlaw.com
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Trans Union, LLC*


Michael Joseph Sreenan, Esq.
  (IL ADRC #6194288)
853 N. Elston Avenue
Chicago, IL  60622
Telephone:  (773) 549-8700
Fax:  (773) 304-1999
E-Mail:  msreenan@sreenanpc.com

*Local Counsel for Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** has been filed electronically on the **9th day of February, 2010**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Alexander H. Burke, Esq.<br>aburke@burkelawllc.com | Michael J. Sreenan, Esq.<br>msreenan@sreenanpc.com |
| Michael D. Douglas, Esq.<br>mdouglas@kslaw.com | Gabriel H. Scannapieco<br>gscannapieco@jonesday.com |
| Daniel J. O'Rielly, Esq.<br>djo@oriellyroche.com. | Lawrence M. Benjamin, Esq.<br>lbenjamin@ngelaw.com |
| Jennifer H. Sarhaddi, Esq.<br>jsarhaddi@gradypilgrim.com | Jill A. Cheskes, Esq.<br>jcheskes@salawus.com |
| Jeffrey D. Pilgrim, Esq.<br>jpilgrim@gradypilgrim.com | Sara M. Stertz, Esq.<br>sstertz@salawus.com |
| Jeremy S. Unruh, Esq.<br>junruh@polsinelli.com | Tonya G. Newman, Esq.<br>tnewman@ngelaw.com. |

The undersigned further certifies that a true copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **9th day of February, 2010**, properly addressed as follows:

| | |
|---|---|
| None | |

*s/ William R. Brown*

William R. Brown, Esq.  (IL # 26782-48)
Robert J. Schuckit, Esq.  (IL #6183900)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN  46204
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  wbrown@schuckitlaw.com
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Trans Union, LLC*