IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA GREENE,<br><br>                   Plaintiff,<br><br>            v.<br><br>EQUIFAX INFORMATION SERVICES, INC., TRANSUNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC, GE MONEY BANK, AT&T MOBILITY, LLC, BANK OF AMERICA, N.A., HSBC USA INC., and CITIBANK (SOUTH DAKOTA) N.A.,<br><br>                   Defendants. | No. 1:09-cv-7547<br><br>Judge Blanche M. Manning<br><br>Magistrate Judge Maria Valdez |

**MEMORANDUM OF LAW IN SUPPORT OF
BANK OF AMERICA'S MOTION TO DISMISS COUNT III OF
PLAINTIFF'S COMPLAINT**

This memorandum is submitted by Defendant, Bank of America N.A. ("Bank of America"), in support of its motion to dismiss Count III of Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff filed a six-count complaint which purports to state claims under the Fair Credit Reporting Act ("FCRA"), and for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act"). Counts I, II, IV, V and VI are not directed against Bank of America. Count III, which purports to state a claim under the Act, is the only count directed against Bank of America (along with other defendants).

Plaintiff alleges that she learned in January 2008 that a number of allegedly erroneous accounts were reported on her credit report, and that she was listed as having an alias of "Laquette [*sic*] M. Green." (Complaint, Dckt. 1 at ¶¶ 13-14.) According to

Plaintiff, she informed each of the credit reporting agencies that the reports contained erroneous information, placed a fraud alert on her credit report, and ultimately filed a police report alleging that an individual named "Larquette Green" stole her identity. (*Id.* at ¶¶ 15-25.)

With respect to her claim against Bank of America, Plaintiff alleges that Bank of America was "reckless and wanton in issuing credit to a person other than plaintiff, when [it] knew or should have known based upon the disparate information, that the applications were fraudulent," and that Bank of America's alleged "actions and inactions constitute[d] a fraudulent omission in violation of the Illinois Consumer Fraud Act." (*Id.* at ¶¶ 47-48.) According to Plaintiff, the same alleged conduct of Bank of America constituted an unfair practice within the meaning of the statute, because it is inconsistent with public policy, it is reasonable to assume the conduct would "adversely affect a consumer who has no idea that her rights have been violated," and the consumer is adversely affected. (*Id.* at ¶ 49.)

## ARGUMENT

Plaintiff's claim against Bank of America should be dismissed for three reasons. *First*, this Court does not have subject matter jurisdiction over Plaintiff's claim against Bank of America for violation of the Act, because the claim does not arise out of the same facts or circumstances as the remaining claims directed against other parties. Accordingly, Count III should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Second,* to the extent Plaintiff's claim for violation sounds in fraud, Count III fails to plead all of the elements of the claim and fails to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *Third,* to the extent Count III purports to state a claim for a violation of the Act

sounding in unfair practices, Bank of America does not owe a legal duty to a non-customer to verify social security numbers and/or prevent identity theft, and accordingly, public policy is not offended by any alleged failure to act on the part of Bank of America.

### A.  This Court Lacks Jurisdiction Over Count III as it Relates to Bank of America.

Plaintiff's complaint does not adequately allege that this Court has supplemental jurisdiction over the claim against Bank of America under 28 U.S.C. § 1367(a). The claims against Bank of America and the other defendants do not arise from a common nucleus of operative facts. While the alleged factual circumstances of the claim against Bank of America may be similar to those with respect to claims against other defendants, the purported claim against Bank of America stands alone. Bank of America's alleged negligence in opening the account is entirely independent of the acts of the other defendants.

Section 1367 (a) provides that this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff bears the burden of establishing that Count III comes within this Court's supplemental jurisdiction. *G.M. Harston Constr. Co., Inc. v. City of Chicago*, No. 01 C 268, 2006 WL 642641, at *1 (N.D. Ill. Mar. 3, 2006). Plaintiff cannot meet that burden. Under supplemental jurisdiction, "judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts. *Id.* at *2. "Although the Seventh Circuit has

held that a 'loose factual connection' between the operative facts is generally sufficient, the facts on which the claims are based cannot be so attenuated that they form different cases or controversies." *Id.* at *4; *see Microthin.com, Inc. v. Siliconezone USA, LLC*, No. 06 C 1522, 2006 WL 3302825, at *3 (N.D. Ill. Nov. 14, 2006) (even under the "loose factual connection" standard, "the facts at issue must be both 'common' and 'operative.'") Further, although the rules regarding permissive joinder allow a plaintiff to collect loosely related claims in a single action, the test for supplemental jurisdiction is not so broad. *Cadleway Prop., Inc. v. Ossian State Bank*, 478 F.3d 767, 770 (7th Cir. 2007) ("Permissive joinder under both state and federal practice allows such a collection of loosely related disputes, but this does not imply that they are part of a single case or controversy.")

The complaint does not allege any basis for jurisdiction over the state law claim against Bank of America other than supplemental jurisdiction, ostensibly via the FCRA claims that allege different conduct by different defendants. (*See* Complaint, Dckt. 1 at ¶ 11.) While the federal claims and the claim against Bank of America share a loose factual background, they are indisputably distinct and the claim against Bank of America could be resolved without affecting the remaining claims. Even a cursory review of Plaintiff's complaint illustrates the point. Plaintiff's allegations in Count I relate to the propriety of the procedures followed by Equifax, Experian and Trans Union in ensuring the accuracy of reported credit information. In Count II, Plaintiff alleges that Equifax, Experian and Trans Union improperly shared her credit report with persons not entitled to the information. In Count IV, Plaintiff alleges that GE Money Bank failed to accurately report that a credit account appearing on her credit report did not belong to her. In Count V, Plaintiff alleges that Equifax failed to adequately reinvestigate Plaintiff's

disputes with the accuracy of her credit report. And finally, in Count VI, Plaintiff alleges that Equifax violated the Act by selling her an identity theft prevention product, despite the fact that Equifax allegedly "caused the problem of [the] mixed credit file." (Complaint, Dckt. 1 at ¶ 67.)

The propriety of the credit reporting agencies' procedures and the conduct of GE Money Bank – which allegedly gave rise to Plaintiff's FCRA claims – are entirely unrelated to whether Bank of America violated the Act. The only common thread between the claims described above and Plaintiff's claims against Bank of America is the contention that Larquette Green's credit information somehow was linked to Plaintiff's social security number. (*See* Complaint, Dckt. 1 at ¶¶ 26-27, 46.) Plaintiff alleges that Bank of America engaged in distinctly different conduct than that of the defendants named in the FCRA claims. In particular, Plaintiff contends that Bank of America violated the Act when it issued credit to Larquette Green without verifying that the address allegedly being used by Larquette was the correct address linked to Plaintiff's social security number. (*Id.* at ¶¶ 46-49.) These allegations have nothing to do with the facts giving rise to Plaintiff's FCRA claims.

Thus, the state law claim against Bank of America is distinct from the FCRA claims, and the dismissal of the claim against Bank of America will not impact the FCRA claims. While the rules of permissive joinder claim might otherwise permit Count III to remain in the litigation, it cannot do so absent a jurisdictional basis. Count III should be dismissed.

      **B.**    **Count III Fails to State a Claim for Violation of the Act**.

Count III also should be dismissed because plaintiff failed to plead an essential element of the claim, and failed to plead any of the elements with particularity. A claim

for violation of the Act may sound in fraud or in unfair practices. *E.g., Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008) (discussing the distinction). To state a claim for violation of the Act sounding in fraud, a plaintiff must allege that (i) the defendant engaged in a deceptive act or practice, (ii) with the intent that the plaintiff rely on the deception, (iii) in the course of trade or commerce, and (iv) the deception was the proximate cause of the claimant's alleged injury. *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 501, 475 N.E.2d 584, 593 (1997); *Costa v. Mauro Chevrolet, Inc.*, 390 F. Supp. 2d 720, 731 (N.D. Ill. 2005). Like any other fraud claim, a claim for violation of the Act sounding in fraud must be pled with particularity. *Costa*, 390 F. Supp. 2d at 731. Specifically, the claim "must state the identity of the person making the misrepresentation, the time, the place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Id.* at 731-32 (quoting *Schiffels v. Kemper Fin. Servs., Inc.*, 978 F.2d 344, 352 (7th Cir. 1992)); *see also, e.g., DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990) (describing Rule 9(b) particularity as "the who, what, when, where, and how: the first paragraph of any newspaper story").

Against this framework, Count III fails for two reasons. First, plaintiff failed to plead an essential element of the claim, namely, that Bank of America acted with the intent that she rely on any act or practice of Bank of America. (*See* Complaint, Dckt. 1, ¶¶ 43-50.) Second, plaintiff failed to plead any elements Count III with the particularity required by Rule 9(b). (*See id.*) For these reasons, this Court should dismiss Count III of the complaint.

### C. Count III Fails Because Bank of America Did Not Engage in "Unfair Practices" Under the Act.

Finally, this Court should dismiss Count III because it fails to allege that Bank of America engaged in any unfair practices within the meaning of the Act. Three consideration guide the determination of whether conduct is unfair under the Act: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Windy City Metal Fabricators & Supply, Inc.*, 536 F.3d at 669. *See also Costa*, 390 F. Supp. 2d at 732.

The gravamen of Plaintiff's claim is that Bank of America owed Plaintiff – a non-customer – a legal duty to confirm the use of Plaintiff's social security number where the social security number did not match Plaintiff's reported address (but rather matched Larquette Green's address), and that its failure to do so constituted an unfair practice under the Act. (*Id.* at ¶¶ 13-14, 46-49.) In other words, Plaintiff contends that Bank of America should have protected her against identity theft. (*Id.* at ¶ 49(a), (b).) Plaintiff is incorrect.

A bank owes no legal duty to a non-customer. *Conder v. Union Planters Bank, N.A.*, 384 F.3d 397, 400 (7th Cir. 2004). Further, as several courts have recognized, credit card issuers owe no legal duty of care to non-customers whose identities may be stolen. *Huggins v. Citibank, N.A.*, 355 S.C. 329, 334, 585 S.E.2d 275, 277 (S.C. 2003); *Polzer v. TRW, Inc.*, 256 A.D.2d 248, 248-49, 682 N.Y.S.2d 194, 195-96 (N.Y. App. Div., 1st Dep't 1998) (noting that bank owed no duty to non-customer plaintiff and holding plaintiff could not state claim for negligent enablement of imposter fraud, nor for violation of Deceptive Acts and Practices Act). Because Plaintiff herself alleges that she

was not a customer of Bank of America, Bank of America owed Plaintiff no legal duty to verify the accuracy of her social security number purportedly used in connection with Larquette Green's credit application. Absent such a legal duty, Bank of America cannot be said to have violated public policy or acted in any immoral, unethical, oppressive, or unscrupulous manner.

Moreover, Plaintiff has not alleged what Bank of America should have or could have done to verify the social security number, or whether it makes economic or practical sense to impose a legal obligation on credit card issuers. Obviously, credit card issuers have a powerful self-interest, without the imposition of a legal duty, to not issue credit cards to people using false social security numbers. To the extent Plaintiff seeks to pursue a novel theory of liability under the Act, federal court is not the appropriate forum to do so. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 640 (7th Cir. 2007).

Plaintiff failed to state a claim against Bank of America for an unfair practice under the Act and Count III should be dismissed.

WHEREFORE, Bank of America, N.A. respectfully requests that this Court grant its motion to dismiss Count III of Plaintiff's complaint, with prejudice, and award such other relief as is just and proper.

February 9, 2010

                                            BANK OF AMERICA, N.A.


                                            By:  /s/ Tonya G. Newman
                                                  One of its Attorneys

Lawrence M. Benjamin
Tonya G. Newman
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL  60602-3801
(312) 269-8000 (telephone)
(312) 269-1747 (facsimile)

# CERTIFICATE OF SERVICE

Tonya G. Newman, an attorney, hereby certifies that she caused a copy of the **Motion to Dismiss Count III of Plaintiff's Complaint** to be served upon:

**Alexander Holmes Burke**
Burke Law Offices, LLC
155 North Michigan Avenue, Suite 9020
Chicago, Illinois 60601
*Counsel for Plaintiff*

**Michael D. Douglas**
King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia 30309
*Counsel for Equifax Information Services LLC*

**Jeremy S. Unruh**
Polsinelli Shughart, PC
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
*Counsel for Equifax Information Services LLC*

**Jeffrey D. Pilgrim**
**Jennifer Hollenbeck Sarhaddi**
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 715
Chicago, Illinois 60604
*Counsel for HSBC Bank USA, N.A.*

**William R. Brown**
**Robert J. Schuckit**
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 West Market Street, Suite 3000
Indianapolis, Indiana 46204
*Counsel for Trans Union, LLC*

**Michael Joseph Sreenan**
853 N. Elston Avenue
Chicago, Illinois 60622
*Counsel for Trans Union, LLC*

**Gabriel H. Scannapieco**
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
*Counsel for Experian Information Solutions*

**Daniel J. O'Rielly**
O'Rielly & Roche LLP
161 North Clark Street, Suite 4700
Chicago, Illinois  60601
*Counsel for GE Money Bank, FSB*

**Jill A. Cheskes**
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
*Counsel for Citibank (South Dakota) N.A.*

via electronic filing using the United States District Court for the Northern District of Illinois CM/ECF system which sent notification of such filing on the 9th day of February 2010.

　　　　　　　　　　　　　　　　　　　　　　  /s/ Tonya G. Newman