**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **BRIANNA GREENE**, <br><br> Plaintiff, <br><br> **v.** <br><br> **EQUIFAX INFORMATION SERVICES, INC., et al.** <br><br> Defendants | **Civil Action No. 1:09-CV-7547** <br><br> **Hon. Judge Blanche M. Manning** <br><br> **Magistrate Judge Maria Valdez** |

**EXPERIAN INFORMATION SOLUTIONS INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian") hereby files its Answer and Defenses to Brianna Greene's ("Plaintiff") Complaint (the "Complaint").

**PREFACE**

The Complaint improperly and repetitively refers to Experian and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Experian or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise Experian in any meaningful sense of the allegations asserted against it. Experian nevertheless attempts to respond to Plaintiff's allegations to the extent possible under the circumstances. In answering the Complaint, Experian responds for itself only, even when Plaintiff's allegations refer to alleged conduct by Experian and other persons or entities. To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

The Complaint also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the Complaint are vague or conclusory.  The Complaint also includes terms which are undefined and which are susceptible of different meanings, and is therefore ambiguous.

Experian further denies each and every allegation contained in the Complaint, except as specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole.  Moreover, Experian specifically denies any allegations contained in headings or unnumbered paragraphs in the Complaint.  Experian also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

### PRELIMINARY STATEMENT

1.  Brianna Greene ("plaintiff") files this complaint to secure redress for defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Illinois Consumer Fraud Act 815 ILCS 505/2 et seq.

**ANSWER:**  In response to paragraph 1 of the Complaint, Experian admits that the Plaintiff purports to bring this action as alleged in paragraph 1, but denies that Plaintiff has any basis in fact or law to maintain this action against Experian.  Furthermore, the allegations contained in paragraph 1 state legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Experian denies the remaining allegations of this paragraph.  By way of further answer, to the extent the allegations reference statutes or

regulations, those sources speak for themselves and thus no response is required and any characterizations thereof are denied. Experian denies any remaining allegations contained in paragraph 1.

**PARTIES**

2.  Plaintiff is an individual who resides in this district.

**ANSWER:**   In response to paragraph 2 of the Complaint, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.   Defendant Equifax Information Services, Inc. ("Equifax") is a foreign corporation incorporated under the laws of the State of Georgia and registered to do and doing business in the State of Illinois through its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois.

**ANSWER:**  In response to paragraph 3 of the Complaint, Experian denies the allegations contained therein. Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian. Furthermore, to the extent the allegations in this paragraph are directed at Experian, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.   Defendant TransUnion, LLC ("Trans Union") is a consumer reporting agency that does business in Illinois. It has an office at 555 W Adams, Chicago, Illinois 60661. Its registered agent in Illinois is Prentice Hall Corp., 33 N. LaSalle St., Chicago, Illinois 60602.

**ANSWER:**  In response to paragraph 4 of the Complaint, Experian denies the allegations contained therein.  Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed at Experian, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.   Defendant Experian Information Solutions, Inc. is a consumer reporting agency. Its registered agent in Illinois is CT Corporation Service, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

**ANSWER:**  Experian admits the allegations contained in paragraph 5 of the Complaint. Experian avers that it is an Ohio Corporation with its principal place of business in Costa Mesa, California.

6.   Defendant GE Money Bank is a consumer lending institution. Its registered agent in Ohio is Diane Dix, c/o GE Consumer Finance, Inc. 950 Forrer Blvd, Kettering, OH 45420.

**ANSWER:**  In response to paragraph 6 of the Complaint, Experian denies the allegations contained therein.  Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed at Experian, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.   Defendant AT&T Mobility is a mobile phone company that regularly provides cellular telephone service to consumers, along with telephones to use those services, on credit.

**ANSWER:**  In response to paragraph 7 of the Complaint, Experian denies the allegations contained therein.  Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed at Experian, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.   Bank of America, NA ("Bank of America") is a national bank with branch offices in Chicago, Illinois. It is based in Charlotte, North Carolina, and has branches in this District.

**ANSWER:**  In response to paragraph 8 of the Complaint, Experian denies the allegations contained therein.  Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed at Experian, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.   HSBC USA, Inc. ("HSBC") is a Maryland corporation that is the owner of HSBC's credit card operations. The credit cards are serviced by other HSBC entities. Upon information and belief, HSBC USA, Inc. issued or owned the "HSBC BANK" and "HSBC/BOSTN" credit accounts listed on plaintiff's credit report.

**ANSWER:**  In response to paragraph 9 of the Complaint, Experian denies the allegations contained therein.  Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed at Experian, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.  Defendant Citibank (South Dakota) N.A. ("Citi") is a national bank that issues credit cards, including a Sears branded card. Its headquarters are in Sioux Falls, South Dakota.

**ANSWER:**   In response to paragraph 10 of the Complaint, Experian denies the allegations contained therein.   Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed at Experian, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**J<small>URISDICTION</small>**

11.  This Court has federal question jurisdiction to hear this case under the Fair Credit Reporting Act, 15 U.S.C. § 1681p and supplemental jurisdiction over the state law claims.

**ANSWER:**  In response to paragraph 11 of the Complaint, Experian denies each and every allegation contained in this paragraph.  Furthermore, the allegations contained in paragraph 11 state legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Experian denies the remaining allegations of this paragraph.  By way of further answer, to the extent the allegations reference statutes or regulations, those sources speak

for themselves and thus no response is required and any characterizations thereof are denied. Experian denies any remaining allegations contained in paragraph 11.

12.  Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred here.

**ANSWER:**  In response to paragraph 12 of the Complaint, Experian denies each and every allegation contained in this paragraph.  Furthermore, the allegations contained in paragraph 12 state legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Experian denies the remaining allegations of this paragraph.  Experian denies any remaining allegations contained in paragraph 12.

### FACTS

13. In or around January 2008, plaintiff was interested in exploring the possibility of a real estate purchase. She had a tri-merge credit report pulled on January 30, 2008, and discovered several erroneous accounts were being reported. She was also listed as having an alias of "Laquette M. Green."

**ANSWER:**  In response to paragraph 13 of the Complaint, Experian denies the allegations contained therein.  Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  To the extent the allegations in Paragraph 13 are directed at Experian, Experian denies the allegations.

14. Those erroneous tradelines included:

a. SEARS/CBSD

b. HSBC BANK

c. HSBC/BOSTN

d. GEMB/WALMGEMB/JC PENNEY DC

e. BK OF AMER

**ANSWER:**   In response to paragraph 14 of the Complaint, Experian denies the allegations contained therein.   Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.   Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.   These allegations are, therefore, denied.   To the extent the allegations in Paragraph 14 are directed at Experian, Experian denies the allegations.

15. Plaintiff called all three consumer reporting agencies in or about February 2008 to inquire about the tradelines on the tri-merge.

**ANSWER:**   In response to paragraph 15 of the Complaint, Experian denies the allegations contained therein.   Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.   Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these

allegations. These allegations are, therefore, denied. To the extent the allegations in Paragraph 15 are directed at Experian, Experian denies the allegations.

16. Experian and Trans Union each told plaintiff on the phone that none of the tradelines she was complaining about were on her consumer report.

**ANSWER:** In response to paragraph 16 of the Complaint, Experian denies the allegations contained therein. Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian. Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied. To the extent the allegations in Paragraph 16 are directed at Experian, Experian denies the allegations.

17. Equifax was reporting the erroneous information. Plaintiff told Equifax over the telephone that she had never been known as "Larquette" or anything similar, and told Equifax that several tradelines that appeared on her Equifax tri-merge report did not belong to her. Equifax told plaintiff that the problem was likely its fault, and instructed plaintiff to send them a fax.

**ANSWER:** In response to paragraph 17 of the Complaint, Experian denies the allegations contained therein. Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian. Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these

allegations.  These allegations are, therefore, denied.  To the extent the allegations in Paragraph 17 are directed at Experian, Experian denies the allegations.

18. In or about April 2008, plaintiff sent Equifax a facsimile again disputing those tradelines.

**ANSWER:**  In response to paragraph 18 of the Complaint, Experian denies the allegations contained therein.  Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  To the extent the allegations in Paragraph 18 are directed at Experian, Experian denies the allegations.

19. Over the next several months, the other consumer reporting agencies began reporting either plaintiff's alias or name as Larquette Green, and began reporting erroneous information on plaintiff's consumer report.

**ANSWER:**  In response to paragraph 19 of the Complaint, Experian denies the allegations contained therein.  Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  To the extent the allegations in Paragraph 19 are directed at Experian, Experian is at this time without information sufficient to form a

belief as to the remaining allegations contained in Paragraph 19 and, on that basis, denies the allegations.

20. The defendant consumer reporting agencies "mixed" plaintiff's credit information with that of Larquette Green.

**ANSWER:**   In response to paragraph 20 of the Complaint, Experian denies the allegations contained therein.   Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.   Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.   These allegations are, therefore, denied.   To the extent the allegations in Paragraph 20 are directed at Experian, Experian denies the remaining allegations of this Paragraph.

21. On September 30, 2009, plaintiff's legitimate credit card company lowered her credit limit on her credit card for reasons that may only be attributed to defendants' actions and the mixed file:

SERIOUS DELINQUENCY AND PUBLIC RECORD OR COLLECTION FILED

DELINQUENCY DATE TOO RECENT OR UNKNOWN

PROPORTION OF REVOLVING BALANCES TO REVOLVING CREDIT LIMIT IS TOO HIGH

FREQUENT DELINQUENCY

**ANSWER:**   In response to paragraph 21 of the Complaint, Experian denies the allegations contained therein.   Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.   Furthermore, to the

extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  To the extent the allegations in Paragraph 21 are directed at Experian, Experian denies the allegations, including the allegation that its actions resulted in a "mixed file" or the reporting of a "serious delinquency and public record or collection," a "delinquency date to recent or unknown," or "frequent delinquency" on or around September 30, 2009.

22. In or about October 7 2008, plaintiff asked Equifax to place a fraud alert on her credit report. On the same call, Equifax sold plaintiff its "ID Patrol" product, which was supposed to "lock" plaintiff's credit and protect her from identity theft.

**ANSWER:**   In response to paragraph 22 of the Complaint, Experian denies the allegations contained therein.   Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.   Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.   These allegations are, therefore, denied.   Experian denies all remaining allegations of paragraph 22.

23. Equifax instituted a temporary 90 day fraud alert for plaintiff, and, upon information and belief, contacted the other credit bureaus to notify them of the fraud alert. Plaintiff recalls paying Equifax for an extended seven-year fraud alert on that same call, too, but does not know if the extended fraud alert was ever instituted.

**ANSWER:**   In response to paragraph 23 of the Complaint, Experian admits that it was contacted by Equifax regarding Plaintiff's request for an initial fraud alert on October 8, 2008. Experian avers that Equifax provided the following identifying information for the consumer requesting the initial fraud alert:    "GREENE, LARQUETTE M, SSN=XXX-XX-2376[1], YOB/DOB=1982, Address=4180 N MARINE DR APT 1511, CHICAGO, IL 60613."  Experian denies the remaining allegations in Paragraph 23 of the Complaint.  Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  To the extent any remaining allegations in Paragraph 23 are directed at Experian, Experian is at this time without information sufficient to form a belief as to the remaining allegations contained in Paragraph 23 and, on that basis, denies the allegations.

24.  In fact, all three credit reporting agencies' letters to plaintiff confirming the fraud alert were addressed to "Larquette M Greene" at plaintiff's legitimate Chicago address.

**ANSWER:**   In response to paragraph 24 of the Complaint, Experian admits that it addressed an October 8, 2008 Initial Security Alert letter to "Larquette M Greene, 4180 N. Marine Dr, Apt 1511, Chicago, IL 60613."  Experian avers that the October 8, 2008 letter instructed Plaintiff on how she could receive a free copy of her Experian credit report and provided instructions on remedying the effects of identity theft.  Experian denies the remaining allegations contained in Paragraph 24 of the Complaint.  Specifically, to the extent those

---

[1] Plaintiff's Social Security Number has been partially redacted pursuant to Federal Rule of Civil Procedure 5.2.

allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  To the extent any remaining allegations in Paragraph 24 are directed at Experian, Experian is at this time without information sufficient to form a belief as to the remaining allegations contained in Paragraph 24 and, on that basis, denies the allegations.

25. Also in or October 2008, plaintiff did a police report because she believed that a person named "Larquette Green" stole plaintiff's identity.

**ANSWER:**   In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.  These allegations are, therefore, denied.

26. Upon information and belief, Larquette Green applied for credit many times using her own name, address in Milwaukee, Wisconsin, and her own birthday. Upon information and belief, the only piece of information Larquette Green used that linked her with plaintiff was plaintiff's social security number.

**ANSWER:**   In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.  These allegations are, therefore, denied.

27. Alternatively, Larquette Green did not attempt to open credit in plaintiff's name, and the defendants provided plaintiff's social security number to potential creditors, which resulted

in accounts being improperly linked with plaintiff's identity, and her credit mixed with Larquette Green's.

**ANSWER:**   In response to paragraph 27 of the Complaint, Experian denies the allegations contained therein.   Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.   Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.   These allegations are, therefore, denied.   To the extent the allegations in Paragraph 27 are directed at Experian, Experian denies the allegations.

28. In either event, each of the three defendant credit bureaus issued consumer reports and/or plaintiff's personal data to third parties with obviously erroneous data on them.

**ANSWER:**   In response to paragraph 28 of the Complaint, Experian denies the allegations contained therein.   Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.   Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.   These allegations are, therefore, denied.   To the extent the allegations in Paragraph 28 are directed at Experian, Experian denies the allegations.

29. Upon information and belief, based upon collection telephone calls plaintiff received, there was also an account opened by AT&T Mobility that was linked to plaintiff.

**ANSWER:**   In response to paragraph 29 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.  These allegations are, therefore, denied.

30. In or about April 2009, after plaintiff instituted her fraud alert with Equifax, another credit account, this time with Macy's, which is also a Citibank card, was permitted to be opened in plaintiff's name.

**ANSWER:**   In response to paragraph 30 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.  These allegations are, therefore, denied.

31. Upon information and belief, each of the three defendant credit bureaus issued plaintiff's consumer report to third parties that the bureaus should have known did not have a permissible purpose to request or receive such.

**ANSWER:**   In response to paragraph 31 of the Complaint, Experian denies the allegations contained therein.   Specifically, to the extent those allegations are directed at defendants other than Experian, they require no response from Experian.  Furthermore, to the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  To the extent the allegations in Paragraph 31 are directed at Experian, Experian denies the allegations.

32. Plaintiff did not learn, nor could she have learned with reasonable diligence, about any of the violations complained of herein until, at the earliest, January 30, 2008, when she had her credit report pulled.

**ANSWER:**   In response to paragraph 32 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.  These allegations are, therefore, denied.

### COUNT I - 1681E(B) - EQUIFAX, EXPERIAN AND TRANS UNION

33. Plaintiff incorporates all previous paragraphs. This Count is against Equifax, Experian and TransUnion.

**ANSWER:**   In response to paragraph 33 of the Complaint, Experian realleges and incorporates by reference its responses to paragraphs 1-32.

34. Credit bureaus are required to follow reasonable procedures designed to assure maximum possible accuracy of consumers' credit reports.

**ANSWER:**   In response to paragraph 34 of the Complaint, Experian denies each and every allegation contained in this paragraph.  Answering further, the allegations in paragraph 34 contain legal arguments and conclusions of law to which no response is required.

35. Either defendants' procedures for compiling plaintiff's consumer report were not reasonable, or they did not follow the procedures they had with respect to plaintiff's consumer reports. Either way, each separately violated 15 U.S.C. §1681e(b) with respect to plaintiff multiple times when they issued consumer reports with plaintiff's data mixed with someone else's data.

**ANSWER:**   In response to paragraph 35 of the Complaint, Experian denies each and every allegation contained in this paragraph and each subparagraph.   Answering further, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.   Moreover, the allegations in paragraph 35 contain legal arguments and conclusions of law to which no response is required.

36. Defendants' violations of section 1681e(b) was either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

**ANSWER:**   In response to paragraph 36 of the Complaint, Experian denies each and every allegation contained in this paragraph and each subparagraph.   Answering further, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.   Moreover, the allegations in paragraph 36 contain legal arguments and conclusions of law to which no response is required.

37. Plaintiff was damaged by these violations.

**ANSWER:**   In response to paragraph 37 of the Complaint, Experian denies each and every allegation contained in this paragraph.   Answering further, the allegations in paragraph 37 contain legal arguments and conclusions of law to which no response is required.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax, Experian and Trans Union for:

a. Actual, statutory and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.

**ANSWER:**  In response to Plaintiff's unnumbered prayer for relief following paragraph 37 of the Complaint, Experian denies Plaintiff is entitled to a judgment or any other relief requested in their prayer for relief following paragraph 37 of the Complaint.

## COUNT II 1681B - EQUIFAX, EXPERIAN AND TRANS UNION

38. Plaintiff incorporates all previous paragraphs. This Count is against Equifax, Experian and TransUnion.

**ANSWER:**  In response to paragraph 38 of the Complaint, Experian realleges and incorporates by reference its responses to paragraphs 1-37.

39. The general rule is that consumer reporting agencies are not permitted to share consumer reports with anyone. There are limited exceptions to that rule.

**ANSWER:**  In response to paragraph 39 of the Complaint, Experian denies each and every allegation contained in this paragraph.  Answering further, the allegations in paragraph 39 contain legal arguments and conclusions of law to which no response is required.

40. None of the credit reporting agency defendants had a permissible purpose to share plaintiff's consumer report with any person requesting information about "Larquette Green."

**ANSWER:**  In response to paragraph 40 of the Complaint, Experian denies each and every allegation contained in this paragraph.  Answering further, the allegations in paragraph 40 contain legal arguments and conclusions of law to which no response is required.

41. Defendants' violations of section 1681b were either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

**ANSWER:**   In response to paragraph 41 of the Complaint, Experian denies each and every allegation contained in this paragraph and each subparagraph.   Answering further, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.   Moreover, the allegations in paragraph 41 contain legal arguments and conclusions of law to which no response is required.

42. Plaintiff was damaged by these violations.

**ANSWER:**   In response to paragraph 42 of the Complaint, Experian denies each and every allegation contained in this paragraph.   Answering further, the allegations in paragraph 42 contain legal arguments and conclusions of law to which no response is required.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax, Experian and Trans Union for:

a. Actual, statutory and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.

**ANSWER:**   In response to Plaintiff's unnumbered prayer for relief following paragraph 42 of the Complaint, Experian denies Plaintiff is entitled to a judgment or any other relief requested in their prayer for relief following paragraph 42 of the Complaint.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

43. Plaintiff incorporates all previous paragraphs. This Count is against Citi, HSBC, GE Money Bank and Bank of America.

**ANSWER:**  In response to paragraph 43 of the Complaint, Experian realleges and incorporates by reference its responses to paragraphs 1-42.

44. Other creditors, such as Sprint, called plaintiff to verify whether it was plaintiff who was trying to open an account, or someone else. Upon information and belief, Capital One also received a credit application, and declined to extend credit because of suspected fraud.

**ANSWER:**  In response to paragraph 44 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 44 and each subparagraph.

45. Consumer reporting agencies are required to notify creditors when the address listed in the request for a credit report is different than the address in the consumer reporting agency's files.

**ANSWER:**  In response to paragraph 45 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These

allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 45 and each subparagraph.

46. Upon information and belief, the consumer reporting agencies did, in fact, notify each of the above creditors that the address in the request for the consumer report was different from the address linked to plaintiff's social security number.

**ANSWER:**  In response to paragraph 46 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 46 and each subparagraph.

47. These defendants were reckless and wanton in issuing credit to a person other than plaintiff, when they knew or should have known based upon the disparate information, that the applications were fraudulent.

**ANSWER:**  In response to paragraph 47 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 47 and each subparagraph.

48. Such actions and inactions constitute a fraudulent omission in violation of the Illinois Consumer Fraud Act.

**ANSWER:**  In response to paragraph 48 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 48 and each subparagraph.

49. Approving a fraudulent application for credit when the creditor should know the application was fraudulent is also unfair within the meaning of the Illinois Consumer Fraud Act because:

a. Sound public policy dictates that a potential creditor give special scrutiny to possibly fraudulent credit applications;

b. it is reasonable to assume that such omissions will adversely affect a consumer who has no idea that her rights have been violated, and therefore cannot protect herself from such; and

c. The unknowing consumer is adversely affected.

**ANSWER:**  In response to paragraph 49 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These

allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 49 and each subparagraph.

50. Plaintiff was damaged by these violations.

**ANSWER:**  In response to paragraph 50 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 50 and each subparagraph.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Citi, HSBC, GE Money Bank and Bank of America for:

a. Actual and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.

**ANSWER:**  In response to Plaintiff's unnumbered prayer for relief following paragraph 50 of the Complaint, the prayer for relief is directed at defendants other than Experian and thus requires no response from Experian.  To the extent the prayer for relief is directed towards Experian, Experian denies Plaintiff is entitled to a judgment or any other relief requested in their prayer for relief following paragraph 50 of the Complaint.

## COUNT IV – SECTION 1681S-2(B) – GE MONEY BANK

51. Plaintiff incorporates all previous paragraphs. This Count is against GE Money Bank. Plaintiff also puts Citi, HSBC and Bank of America on notice that there may have been violations of 15 U.S.C. §1681s-2(b) by those companies, and that she intends to sue them if further investigation reveals such violations.

**ANSWER:**   In response to paragraph 51 of the Complaint, Experian realleges and incorporates by reference its responses to paragraphs 1-50.  In further response to paragraph 51 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 51 and each subparagraph.

52. Upon information and belief, when plaintiff disputed the accuracy of several tradelines with Equifax on the telephone in about February 2008, and again by facsimile in about April 2008, Equifax forwarded those disputes to the respective creditors, including Citi, HSBC, GE Money Bank and Bank of America.

**ANSWER:**   In response to paragraph 52 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 52 and each subparagraph.

53. Upon information and belief, based upon the fact that a GE Money Bank account that was disputed turned up on subsequent credit reports of plaintiff's, GE Money Bank erroneously reported that the account was that of plaintiff.

**ANSWER:**  In response to paragraph 53 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 53 and each subparagraph.

54. Upon information and belief, Equifax also requested that Citi, HSBC and Bank of America investigate whether the accounts were those of plaintiff. If any of those companies reported incorrect information back to Equifax, then Citi, HSBC or Bank of America may have liability.

**ANSWER:**  In response to paragraph 54 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 54 and each subparagraph.

55. Defendant willfully and/or negligently failed to accurately report plaintiff's credit card account after having conducted an investigation pursuant to section 1681s-2(b).

**ANSWER:**  In response to paragraph 55 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 55 and each subparagraph.

56. Plaintiff was damaged by defendant's wrongful conduct.

**ANSWER:**  In response to paragraph 56 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 56 and each subparagraph.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against GE Money Bank for:

a. Actual, statutory and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.

**ANSWER:**  In response to Plaintiff's unnumbered prayer for relief following paragraph 56 of the Complaint, the prayer for relief is directed at defendants other than Experian and thus

requires no response from Experian.  To the extent the prayer for relief is directed towards Experian, Experian denies Plaintiff is entitled to a judgment or any other relief requested in their prayer for relief following paragraph 56 of the Complaint.

<u>**COUNT V – 1681I – EQUIFAX**</u>

57. Plaintiff incorporates all previous paragraphs. This Count is against Equifax.

**ANSWER:**   In response to paragraph 57 of the Complaint, Experian realleges and incorporates by reference its responses to paragraphs 1-56.  In further response to paragraph 57 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 57 and each subparagraph.

58. Consumer reporting agencies such as Equifax are required to "reinvestigate" credit report tradelines that consumers dispute, pursuant to 15 U.S.C. §1681i.

**ANSWER:**   In response to paragraph 58 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 58 and each subparagraph.

59. Upon information and belief, Equifax failed to adequately reinvestigate plaintiff's disputes, the oral dispute and the faxed dispute, and possibly others.

**ANSWER:**  In response to paragraph 59 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 59 and each subparagraph.

60. Had it adequately reinvestigated the tradelines, it would have noticed the obvious errors and contradictions in its credit reporting. Equifax may have also permitted a GE Money Bank account to be reinserted after it had been deleted pursuant to a request for reinvestigation.

**ANSWER:**  In response to paragraph 60 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 60 and each subparagraph.

61. Defendant's violations of section 1681i were either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

**ANSWER:**  In response to paragraph 61 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the

allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 61 and each subparagraph.

62. Plaintiff was damaged by defendants' actions and inactions.

**ANSWER:**  In response to paragraph 62 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 62 and each subparagraph.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:

a. Actual, statutory and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.

**ANSWER:**  In response to Plaintiff's unnumbered prayer for relief following paragraph 62 of the Complaint, the prayer for relief is directed at defendants other than Experian and thus requires no response from Experian.  To the extent the prayer for relief is directed towards

Experian, Experian denies Plaintiff is entitled to a judgment or any other relief requested in their prayer for relief following paragraph 62 of the Complaint.

<u>**COUNT VI - ILLINOIS CONSUMER FRAUD ACT – EQUIFAX**</u>

63. Plaintiff incorporates all previous paragraphs. This Count is against Equifax.

**<u>ANSWER:</u>**   In response to paragraph 63 of the Complaint, Experian realleges and incorporates by reference its responses to paragraphs 1-62.  In further response to paragraph 57 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 63 and each subparagraph.

64. Plaintiff incorporates all previous paragraphs.

**<u>ANSWER:</u>**   In response to paragraph 64 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 64 and each subparagraph.

65. Equifax sold plaintiff an identity theft prevention product during a telephone call plaintiff made to Equifax to complain about erroneous tradelines on her Equifax credit report.

**ANSWER:**  In response to paragraph 65 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 65 and each subparagraph.

66.  Equifax sold plaintiff this identity theft prevention product even though the operator/salesperson admitted during the telephone call that the problem was likely the fault of Equifax, and not of identity theft.

**ANSWER:**  In response to paragraph 66 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 66 and each subparagraph.

67.  It is an unfair practice for a company that has created the problem of a mixed credit file through its own reckless policies, to urge a consumer to purchase a product designed to stop such from happening. It is also deceptive to offer such a product to a consumer who is confused and vulnerable because of the company's recklessness.

**ANSWER:**  In response to paragraph 67 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without

knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 67 and each subparagraph.

68. The service Equifax sold plaintiff included obtaining copies of her credit report for a charge.

**ANSWER:**  In response to paragraph 68 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 68 and each subparagraph.

69. Equifax's actions were unfair because:

a. Sound public policy dictates that a company should not be permitted to create a problem, or perceived problem, and then attempt to sell consumers a product designed to solve that problem;

b. It is oppressive to sell an identity theft prevention product to a consumer when that consumer has contacted the company to complain about a mixed credit file;

c. Plaintiff was adversely affected. She paid for a service she did not need, and for which there were cheaper or free alternatives available, such as a security freeze and ordering her free credit report. 815 ILCS 505/2B.2.

**ANSWER:**  In response to paragraph 69 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 69 and each subparagraph.

70. Plaintiff was damaged by these violations.

**ANSWER:**  In response to paragraph 70 of the Complaint, those allegations are directed at defendants other than Experian and thus require no response from Experian.  To the extent the allegations in this paragraph are directed to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations.  These allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 70 and each subparagraph.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:

a. Actual and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.

**ANSWER:**  In response to Plaintiff's unnumbered prayer for relief following paragraph 70 of the Complaint, the prayer for relief is directed at defendants other than Experian and thus

requires no response from Experian.   To the extent the prayer for relief is directed towards

Experian, Experian denies Plaintiff is entitled to a judgment or any other relief requested in their

prayer for relief following paragraph 70 of the Complaint.

<strong><u>JURY DEMAND</u></strong>

Jury Demanded.

**ANSWER:**  In response to Plaintiff's unnumbered jury demand, Experian admits that the

Plaintiff demands a trial by jury on all issues so triable, but denies that Plaintiff has any basis in

fact or law to maintain this action against Experian.

<strong><u>EXPERIAN INFORMATION SYSTEMS, INC.'S DEFENSES</u></strong>

By asserting the affirmative defenses set forth below and herein, Experian does not allege

or admit that it has the burden of proof and/or the burden of persuasion with respect to any of

these affirmative defenses or that Plaintiffs are relieved of their burden to prove each and every

element of their claims and the damages, if any, to which they are entitled.  As for its affirmative

and other defenses, Experian reasserts and reincorporates as if fully set forth herein its responses

to paragraphs 1 through 70 above.

<strong><u>FIRST DEFENSE</u></strong><br/><strong>(FAILURE TO STATE A CLAIM)</strong>

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient

to state a claim upon which relief may be granted against Experian and further fails to state facts

sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all of the information Experian communicated to any third person regarding Plaintiff was true.

## THIRD DEFENSE
## (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results and acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## FIFTH DEFENSE
## (LACHES)

The Complaint, and each claim for relief therein, are barred by laches.

## SIXTH DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the action of Plaintiff himself and resulted from Plaintiff's own negligence that equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH DEFENSE
### (ESTOPPEL)

Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH DEFENSE
### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## NINTH DEFENSE
### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TENTH DEFENSE
### (REASONABLE PROCEDURES)

At all time relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports.

## ELEVENTH DEFENSE
### (INTERVENING CAUSES)

Plaintiff's alleged injuries were not caused by Experian, but by independent intervening causes that had no relation in fact to any conduct of Experian.

## TWELFTH DEFENSE
## (CONSTITUTIONALITY OF PUNITIVE DAMAGES)

Plaintiff's claim for punitive damages is barred (a) by the Eighth Amendment of the United States Constitution, (b) by the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, (c) by the Fourteenth Amendment of the United States Constitution prohibiting equal protection violations, and (d) to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt and also in accordance with the protections of the Fourth, fifth, Eighth, and Fourteenth Amendments of the Constitution.   Experian adopts by reference the defense, criteria, limitation, standard and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *state Farm v. Campbell*, 538 U.S. 408 (2003); and *SAFECO Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).


## THIRTEENTH DEFENSE
## (NECESSARY AND/OR INDISPENSABLE PARTIES)

Plaintiff has failed to join all necessary and/or indispensable parties to this suit.


## FOURTEENTH DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual development of this case.


WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:  (1) that Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety; (2) for costs of suit and attorneys' fees herein incurred; and (3) for such other and further relief as the Court may deem just and proper.

Dated:  February 9, 2010                      Respectfully submitted,


                                              /s/ Gabriel H. Scannapieco
                                              Gabriel H. Scannapieco
                                              JONES DAY
                                              77 West Wacker Drive
                                              Suite 3500
                                              Chicago, IL  60601-1592
                                              Telephone:  (312) 782-3939
                                              Facsimile:  (312) 782-8585
                                              gscannapieco@jonesday.com


                                              *Attorney for Defendant*
                                              *Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Gabriel H. Scannapieco, certify that on the 9th day of February, 2010, I served the foregoing **Experian Information Solutions, Inc.'s Answer to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

| | | |
|---|---|---|
| **Alexander Holmes Burke**<br>Burke Law Offices, LLC<br>155 N. Michigan Ave.<br>Suite 9020<br>Chicago, IL 60601<br>(312) 729-5288<br>Email:ABurke@BurkeLawLLC.com | **William R. Brown**<br>**Karen Reisinger**<br>**Robert J. Schuckit**<br>Schuckit & Associates, P.C.<br>30th Floor, Market Tower<br>10 W. Market Street, Suite 3000<br>Indianapolis, IN 46204<br>317 363 2400<br>Fax: 317-363-2257<br>Email: wbrown@schuckitlaw.com<br>Email: rschuckit@schuckitlaw.com<br><br>**Michael Joseph Sreenan**<br>Michael J. Sreenan<br>853 N. Elston Avenue<br>Chicago, IL 60622<br>(773)549-8700<br>Email:    msreenan@sreenanpc.com | **Michael D. Douglas**<br>King & Spalding, LLP<br>Business Litigation<br>1180 Peachtree Street, NE<br>Suite 1700<br>Atlanta, GA 30309<br>(404) 572-4600<br>Fax: (404) 572-5100<br>Email: mdouglas@kslaw.com<br><br>**Jeremy S. Unruh**<br>Polsinelli Shughart PC<br>161 North Clark Street<br>Suite 4200<br>Chicago, IL 60601<br>312-873-3617<br>Email:    junruh@polsinelli.com |
| **Lawrence Mitchell Benjamin**<br>**Tonya Gentry Newman**<br>Neal, Gerber & Eisenberg<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL 60602<br>(312) 269-8000<br>Email: lbenjamin@ngelaw.com<br>Email:    tnewman@ngelaw.com | **Daniel J. O'Rielly**<br>O'Rielly & Roche LLP<br>161 N. Clark Street<br>Suite 4700<br>Chicago, IL 60601<br>(312) 523-2102<br>Fax: (312) 523-2030<br>Email:    djo@oriellyroche.com | **Jeffrey D. Pilgrim**<br>**Jennifer Hollenbeck Sarhaddi**<br>Grady Pilgrim Christakis Bell LLP<br>53 West Jackson Boulevard<br>#715<br>Chicago, IL 60604<br>(312) 379-8542<br>Email: jsarhaddi@gradypilgrim.com |
| **Jill A. Cheskes**<br>**Sara Marie Stertz**<br>SmithAmundsen, LLC<br>150 North Michigan Avenue<br>Suite 3300<br>Chicago, IL 60601<br>(312) 894-3200<br>Email: jcheskes@salawus.com<br>Email:    sstertz@salawus.com | | |

/s/ Gabriel H. Scannapieco
Gabriel H. Scannapieco