**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**(EASTERN DIVISION)**

| | |
|---|---|
| BRIANNA GREENE,                     ) | |
|                            ) | **CASE NO. 1:09-CV-07393** |
|            Plaintiff,          ) | |
|      vs.                       ) | Judge Blanche M. Manning |
|                            ) | Magistrate Judge Valdez |
| EQUIFAX INFORMATION SERVICES   ) | |
| LLC, TRANS UNION LLC, EXPERIAN   ) | |
| INFORMATION SOLUTIONS, INC.        ) | |
| GE MONEY BANK, et al.,            ) | |
|                            ) | |
|          Defendants.         ) | |

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES

NOW COMES Defendant Equifax Information Services LLC (hereinafter "Equifax") improperly referred to in Plaintiff's complaint as the non-existent "Equifax Information Services, Inc.", and for its ANSWER to Plaintiff's Complaint states as follows:

## ANSWER

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In ANSWER to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1.      Brianna Greene ("plaintiff") files this complaint to secure redress for defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., and the Illinois Consumer Fraud Act 815 ILCS 505/2 et seq.

**ANSWER:**      To the extent that plaintiff can maintain a federal cause of action, which Equifax denies, jurisdiction would be proper in this Court. Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. *et seq*., and the Illinois Consumer

Fraud Act 815 ILCS 505/2 *et seq*.  Defendant Equifax denies that it violated the FCRA or the

Illinois Consumer Fraud Act in its handling of Plaintiff's credit file.

2.        Plaintiff is an individual who resides in this district.

**ANSWER:**        Equifax lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 2 to Plaintiff's Complaint.

3.        Defendant Equifax Information Services, Inc. ("Equifax") is a foreign corporation
incorporated under the laws of the State of Georgia and registered to do and doing business in
the State of Illinois through its registered agent, Illinois Corporation Service Company, 801
Adlai Stevenson Drive, Springfield, Illinois.

**ANSWER:**        Equifax admits the allegations contained in paragraph 3 to Plaintiff's

Complaint.  Defendant Equifax is a limited liability company and not a "corporation".

4.        Defendant TransUnion, LLC ("Trans Union") is a consumer reporting agency that
does business in Illinois. It has an office at 555 W Adams, Chicago, Illinois 60661.  Its registered
agent in Illinois is Prentice Hall Corp., 33 N. LaSalle St., Chicago, Illinois 60602.

**ANSWER:**        Equifax lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 4 to Plaintiff's Complaint.

5.        Defendant Experian Information Solutions Inc. is a consumer reporting agency.
Its registered agent in Illinois is CT Corporation., 208 S. LaSalle St., Suite 814, Chicago, Illinois
60604.

**ANSWER:**        Equifax lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 5 to Plaintiff's Complaint.

6.        Defendant GE Money Bank is a consumer lending institution.  Its registered agent
in Ohio is Diane Dix, c/o GE Consumer Finance, Inc. 950 Forrer Blvd, Kettering, OH 45420.

**ANSWER:**        Equifax lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 6 to Plaintiff's Complaint.

7.        Defendant AT&T Mobility is a mobile phone company that regularly provides
cellular telephone service to consumers, along with telephones to use those services, on credit.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 to Plaintiff's Complaint.

8.      Bank of America, NA ("Bank of America") is a national bank with branch offices in Chicago, Illinois.  It is based in Charlotte, North Carolina, and has branches in this District.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 to Plaintiff's Complaint.

9.      HSBC USA, Inc. ("HSBC") is a Maryland corporation that is the owner of HSBC's credit card operations. The credit cards are serviced by other HSBC entities. Upon information and belief, HSBC USA, Inc. issued or owned the "HSBC BANK" and "HSBC/BOSTN" credit accounts listed on plaintiff's credit report.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 to Plaintiff's Complaint.

10.      Defendant Citibank (South Dakota) N.A. ("Citi") is a national bank that issues credit cards, including a Sears branded card. Its headquarters are in Sioux Falls, South Dakota.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 to Plaintiff's Complaint.

11.      This Court has federal question jurisdiction to hear this case under the Fair Credit Reporting Act, 15 U.S.C. § 1681p and supplemental jurisdiction over the state law claims.

**ANSWER:**   To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

12.      Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred here.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 to Plaintiff's Complaint.

13.      In or around January 2008, plaintiff was interested in exploring the possibility of a real estate purchase. She had a tri-merge credit report pulled on January 30, 2008, and discovered several erroneous accounts were being reported. She was also listed as having an alias of "Laquette M. Green."

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 to Plaintiff's Complaint.

14.   Those erroneous tradelines included:
   a.   SEARS/CBSD
   b.   HSBC BANK
   c.   HSBC/BOSTN
   d.   GEMB/WALMGEMB/JC PENNEY DC
   e.   BK OFAMER

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 to Plaintiff's Complaint.

15.   Plaintiff called all three consumer reporting agencies in or about February 2008 to inquire about the tradelines on the tri-merge.

**ANSWER:**   Equifax denies the allegations of paragraph 15 to Plaintiff's Complaint as it pertains to Equifax.

16.   Experian and Trans Union each told plaintiff on the phone that none of the tradelines she was complaining about were on her consumer report.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 to Plaintiff's Complaint.

17.   Equifax was reporting the erroneous information. Plaintiff told Equifax over the telephone that she had never been known as "Larquette" or anything similar, and told Equifax that several tradelines that appeared on her Equifax tri-merge report did not belong to her. Equifax told plaintiff that the problem was likely its fault, and instructed plaintiff to send them a fax.

**ANSWER:**   Equifax denies the allegations of paragraph 17 to Plaintiff's Complaint.

18.   In or about April 2008, plaintiff sent Equifax a facsimile again disputing those tradelines.

**ANSWER:**   Equifax admits it received a dispute from Plaintiff on April 28, 2008. Plaintiff stated she was a victim of identity theft.  She specifically disputed a Sears/CBSD account with partial #50499403; HSBC Bank account with partial account # 310000013; and a

GEMB/Wal-Mart account with partial # 60322030.   Equifax suppressed all accounts per

Plaintiff's word in compliance with its mixed file policy to assure the maximum possible

accuracy of Plaintiff's credit file.

19.     Over the next several months, the other consumer reporting agencies began reporting either plaintiff's alias or name as Larquette Green, and began reporting erroneous information on plaintiff's consumer report.

**ANSWER:**     Equifax lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 19 to Plaintiff's Complaint.

20.     The defendant consumer reporting agencies "mixed" plaintiff's credit  information with that of Larquette Green.

**ANSWER:**     Equifax denies the allegations of paragraph 20 to Plaintiff's Complaint as

it pertains to Equifax.

21.     On September 30, 2009, plaintiff's legitimate credit card company lowered her credit limit on her credit card for reasons that may only be attributed to defendants' actions and the mixed file:

> SERIOUS DELINQUENCY AND PUBLIC RECORD OR COLLECTION FILED
> DELINQUENCY DATE TOO RECENT OR UNKNOWN
> PROPORTION OF REVOLVING BALANCES TO REVOLVING CREDIT LIMIT IS
> TOO HIGH
> FREQUENT DELINQUENCY

**ANSWER:**     Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 to Plaintiff's Complaint.

22.     In or about October 7 2008, plaintiff asked Equifax to place a fraud alert on her credit  report. On the same call, Equifax sold plaintiff its "ID Patrol" product, which was . supposed to "lock" plaintiff's credit and protect her from identity theft.

**ANSWER:**     Equifax admits that on October 8, 2008 Plaintiff contacted Equifax's

automated fraud alert system which added a 90-day fraud alert to Plaintiff's credit file.  Plaintiff

did purchase a subscription to ID Patrol which plaintiff canceled June 1, 2009.

23.     Equifax instituted a temporary 90 day fraud alert for plaintiff, and, upon information and belief, contacted the other credit bureaus to notify them of the fraud alert.

Plaintiff recalls paying Equifax for an extended seven-year fraud alert on that same call, too, but does not know if the extended fraud alert was ever instituted.

**ANSWER:**   Equifax admits that on October 8, 2008 Plaintiff contacted Equifax's automated fraud alert system which added a 90-day fraud alert to Plaintiff's credit file.  Equifax Information Services LLC does not "sell" any extended fraud products of the like and thus denies allegations to the same.

24.   In fact, all three credit reporting agencies' letters to plaintiff confirming the fraud alert were addressed to "Larquette M Greene" at plaintiff's legitimate Chicago address.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 to Plaintiff's Complaint.

25.   Also in or October 2008, plaintiff did a police report because she believed that a person named "Larquette Green" stole plaintiff's identity.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 to Plaintiff's Complaint.  If Plaintiff did file a police report she never sent a copy to Equifax.

26.   Upon information and belief, Larquette Green applied for credit many times using her own name, address in Milwaukee, Wisconsin, and her own birthday. Upon information and belief, the only piece of information Larquette Green used that linked her with plaintiff was plaintiff's social security number.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 to Plaintiff's Complaint.

27.   Alternatively, Larquette Green did not attempt to open credit in plaintiff's name, and the defendants provided plaintiff's social security number to potential creditors, which resulted in accounts being improperly linked with plaintiff's identity, and her credit mixed with Larquette Green's.

**ANSWER:**   Equifax denies the allegations of paragraph 27 to Plaintiff's Complaint as it pertains to Equifax.

28.     In either event, each of the three defendant credit bureaus issued consumer reports and/or plaintiff's personal data to third parties with obviously erroneous data on them.

**ANSWER:**     Equifax denies the allegations of paragraph 28 to Plaintiff's Complaint as it pertains to Equifax.

29.     Upon information and belief, based upon collection telephone calls plaintiff received, there was also an account opened by AT&T Mobility that was linked to plaintiff.

**ANSWER:**     Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 to Plaintiff's Complaint.

30.     In or about April 2009, after plaintiff instituted her fraud alert with Equifax, another credit account, this time with Macy's, which is also a Citibank card, was permitted to be opened in plaintiff's name.

**ANSWER:**     Equifax denies the allegations of paragraph 30 to Plaintiff's Complaint as it pertains to Equifax. Equifax does not issue or open credit accounts for Macy's, Citibank or any entity that grants or reports credit history information.

31.     Upon information and belief, each of the three defendant credit bureaus issued plaintiff's consumer report to third parties that the bureaus should have known did not have a permissible purpose to request or receive such.

**ANSWER:**     Equifax denies the allegations of paragraph 31 to Plaintiff's Complaint as it pertains to Equifax.

32.     Plaintiff did not learn, nor could she have learned with reasonable diligence, about any of the violations complained of herein until, at the earliest, January 30, 2008, when she had her credit report pulled.

**ANSWER:**     Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 to Plaintiff's Complaint.

33.     Plaintiff incorporates all previous paragraphs. This Count is against  Equifax, Experian and TransUnion.

**ANSWER:**     In response to paragraph 33 of Plaintiff's Complaint, Equifax restates and incorporates its Answers to paragraphs 1 – 32 as though fully set forth herein.

34.     Credit bureaus are required to follow reasonable procedures designed to assure maximum possible accuracy of consumers' credit reports.

**ANSWER:**     In Response to Paragraph 34 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.  Equifax denies it is liable to Plaintiff to the extent this allegation pertains to Equifax.  Equifax admits that the FCRA has provisions for "consumer reporting agencies" related to reasonable procedures to assure the maximum possible accuracy of information contained in its files.

35.     Either defendants' procedures for compiling plaintiff's consumer report were not reasonable, or they did not follow the procedures they had with respect to plaintiff's consumer reports. Either way, each separately violated 15 U.S.C. §1681e(b) with respect to plaintiff multiple times when they issued consumer reports with plaintiff's data mixed with someone else's data.

**ANSWER:**     Equifax denies the allegations of paragraph 35 to Plaintiff's Complaint as it pertains to Equifax.

36.     Defendants' violations of section 1681e(b) was either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

**ANSWER:**     Equifax denies the allegations of paragraph 36 to Plaintiff's Complaint as it pertains to Equifax.

37.     Plaintiff was damaged by these violations.

**ANSWER:**     Equifax denies the allegations of paragraph 37 to Plaintiff's Complaint as it pertains to Equifax.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax, Experian and Trans Union for:

a.     Actual, statutory and punitive damages;
b.     Attorney's fees and costs of suit; and
c.     Any other relief the Court deems appropriate.

**ANSWER:**   Equifax denies that Plaintiff is entitled to any of the relief from Equifax set forth in her prayer for relief.   Any allegations contained in Plaintiff's Complaint not specifically responded to are denied by Defendant Equifax.

38.   Plaintiff incorporates all previous paragraphs.   This Count is against Equifax, Experian and TransUnion.

**ANSWER:**   In response to paragraph 38 of Plaintiff's Complaint, Equifax restates and incorporates its Answers to paragraphs 1 – 37 as though fully set forth herein.

39.   The general rule is that consumer reporting agencies are not permitted to share consumer reports with anyone.   There are limited exceptions to that rule.

**ANSWER:**   In resposnse to Paragraph 39 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.   Equifax denies it is liable to Plaintiff to the extent this allegation pertains to Equifax.

40.   None of the credit reporting agency defendants had a permissible purpose to share plaintiff's consumer report with any person requesting information about "Larquette Green."

**ANSWER:**   Equifax denies the allegations contained in Paragraph 40 of Plaintiff's Complaint as they pertain to Equifax.

41.   Defendants' violations of section 1681b were either willful, or negligent. 15 U.S.C. §§1681n and 16810.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 41 of Plaintiff's Complaint as they pertain to Equifax.

42.   Plaintiff was damaged by these violations.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 42 of Plaintiff's Complaint as they pertain to Equifax.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax, Experian and Trans Union for:

a.   Actual, statutory and punitive damages;
b.   Attorney's fees and costs of suit; and
c.   Any other relief the Court deems appropriate.

**ANSWER:**   Equifax denies that Plaintiff is entitled to any of the relief from Equifax set forth in her prayer for relief.   Any allegations contained in Plaintiff's Complaint not specifically responded to are denied by Defendant Equifax.

43.   Plaintiff incorporates all previous paragraphs.  This Count is against Citi, HSBC, GE Money Bank and Bank of America.

**ANSWER:**   In response to paragraph 43 of Plaintiff's Complaint, Equifax restates and incorporates its Answers to paragraphs 1 – 42 as though fully set forth herein.

44.   Other creditors, such as Sprint, called plaintiff to verify whether it was plaintiff who was trying to open an account, or someone else. Upon information and belief, Capital One also received a credit application, and declined to extend credit because of suspected fraud.

**ANSWER:**   No response is required from Equifax to Paragraph 44 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.  To the extent that any allegation in Paragraph 44 can be construed to relate to Equifax, those allegations are denied.

45.   Consumer reporting agencies are required to notify creditors when the address listed in the request for a credit report is different than the address in the consumer reporting agency's files.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 45 of Plaintiff's Complaint as they pertain to Equifax.

46.   Upon information and belief, the consumer reporting agencies did, in fact, notify each of the above creditors that the address in the request for the consumer report was different from the address linked to plaintiff's social security number.

**ANSWER:**   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 to Plaintiff's Complaint.

47.     These defendants were reckless and wanton in issuing credit to a person other than plaintiff, when they knew or should have known based upon the disparate information, that the applications were fraudulent.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 47 of Plaintiff's Complaint as they pertain to Equifax.

48.     Such actions and inactions constitute a fraudulent omission in violation of the Illinois Consumer Fraud Act.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 48 of Plaintiff's Complaint as they pertain to Equifax.

49.     Approving a fraudulent application for credit when the creditor should know the application was fraudulent is also unfair within the meaning of the Illinois Consumer Fraud Act because:

    a.     Sound public policy dictates that a potential creditor give special scrutiny to possibly fraudulent credit applications;
    b.     it is reasonable to assume that such omissions will adversely affect a consumer who has no idea that her rights have been violated, and therefore cannot protect herself from such; and
    c.     The unknowing consumer is adversely affected.

**ANSWER:**   No response is required from Equifax to Paragraph 49 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.  To the extent that any allegation in Paragraph 49 can be construed to relate to Equifax, those allegations are denied.

50.     Plaintiff was damaged by these violations.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 50 of Plaintiff's Complaint as they pertain to Equifax.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Citi, HSBC, GE Money Bank and Bank of America for:

a.     Actual and punitive damages;
b.     Attorney's fees and costs of suit; and
c.     Any other relief the Court deems appropriate.

**ANSWER:**   Equifax denies that plaintiffs are entitled to the relief sought in this

paragraph.

51.     Plaintiff incorporates all previous paragraphs. This Count is against GE Money Bank. Plaintiff also puts Citi, HSBC and Bank of America on notice that there may have been violations of 15 U.S.C. §1681s-2(b) by those companies, and that she intends to sue them if further investigation reveals such violations.

**ANSWER:**   In response to paragraph 51 of Plaintiff's Complaint, Equifax restates and

incorporates its Answers to paragraphs 1 – 50 as though fully set forth herein.

52.     Upon information and belief, when plaintiff disputed the accuracy of several tradelines with Equifax on the telephone in about February 2008, and again by facsimile in about April 2008, Equifax forwarded those disputes to the respective creditors, including Citi, HSBC, GE Money Bank and Bank of America.

**ANSWER:**   Equifax denies Plaintiff contacted Equifax in February of 2008.  Equifax

admits it received a dispute from Plaintiff on April 28, 2008.  Equifax forwarded Plaintiff's

disputes to the various furnishers of information contained in Plaintiff's disputes.

53.     Upon information and belief, based upon the fact that a GE Money Bank account that was disputed turned up on subsequent credit reports of plaintiff's, GE Money Bank erroneously reported that the account was that of plaintiff.

**ANSWER:**   No response is required from Equifax to Paragraph 53 of Plaintiff's

Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein.  To the

extent that any allegation in Paragraph 53 can be construed to relate to Equifax, those allegations

are denied.

54.     Upon information and belief, Equifax also requested that Citi, HSBC and Bank of America investigate whether the accounts were those of plaintiff. If any of those companies reported incorrect information back to Equifax, then Citi, HSBC or Bank of America may have liability.

**ANSWER:**   No response is required from Equifax to Paragraph 54 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.  To the extent that any allegation in Paragraph 54 can be construed to relate to Equifax, those allegations are denied.

55.    Defendant willfully and/or negligently failed to accurately report plaintiffs credit card account after having conducted an investigation pursuant to section 1681s-2(b).

**ANSWER:**   Equifax denies the allegations contained in Paragraph 55 of Plaintiff's Complaint as they pertain to Equifax.

56.    Plaintiff was damaged by defendant's wrongful conduct.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 56 of Plaintiff's Complaint as they pertain to Equifax.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against GE Money Bank for:
a.    Actual, statutory and punitive damages;
b.    Attorney's fees and costs of suit; and
c.    Any other relief the Court deems appropriate.

**ANSWER:**   No response is required from Equifax to this prayer for damages of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.  To the extent that any allegation in this prayer for damages can be construed to relate to Equifax, those allegations are denied.

57.    Plaintiff incorporates all previous paragraphs.  This Count is against Equifax.

**ANSWER:**   In response to paragraph 57 of Plaintiff's Complaint, Equifax restates and incorporates its Answers to paragraphs 1 – 56 as though fully set forth herein.

58.     Consumer reporting agencies such as Equifax are required to "reinvestigate" credit report tradelines that consumers dispute, pursuant to 15 U.S.C. §1681i.

**ANSWER:**     In response to Paragraph 58 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.   Equifax reinvestigated each of Plaintiff disputes in accordance with the FCRA.  Equifax denies it is liable to Plaintiff to the extent this allegation pertains to Equifax.

59.     Upon information and belief, Equifax failed to adequately reinvestigate plaintiff's disputes, the oral dispute and the faxed dispute, and possibly others.

**ANSWER:**     Equifax denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Had it adequately reinvestigated the tradelines, it would have noticed the obvious errors and contradictions in its credit reporting. Equifax may have also permitted a GE Money Bank account to be reinserted after it had been deleted pursuant to a request for reinvestigation.

**ANSWER:**     Equifax denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant's violations of section 1681i were either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

**ANSWER:**     Equifax denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Plaintiff was damaged by defendants' [sic]  actions and inactions.

**ANSWER:**     Equifax denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:

a.     Actual, statutory and punitive damages;
b.     Attorney's fees and costs of suit; and
c.     Any other relief the Court deems appropriate.

**ANSWER:**   Equifax denies that Plaintiff is entitled to any of the relief from Equifax set forth in her prayer for relief.   Any allegations contained in Plaintiff's Complaint not specifically responded to are denied by Defendant Equifax.

63.   Plaintiff incorporates all previous paragraphs.  This Count is against Equifax.

**ANSWER:**   In response to paragraph 63 of Plaintiff's Complaint, Equifax restates and incorporates its Answers to paragraphs 1 – 62 as though fully set forth herein.

64.   Plaintiff incorporates all previous paragraphs.

**ANSWER:**   In response to paragraph 64 of Plaintiff's Complaint, Equifax still restates and incorporates in Answers to paragraphs 1 – 64 as though fully set forth herein.

65.   Equifax sold plaintiff an identity theft prevention product during a telephone call plaintiff made to Equifax to complain about erroneous tradelines on her Equifax credit report.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.   Equifax sold plaintiff this identity theft prevention product even though the operator/salesperson admitted during the telephone call that the problem was likely the fault of Equifax, and not of identity theft.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.   It is an unfair practice for a company that has created the problem of a mixed credit file through its own reckless policies, to urge a consumer to purchase a product designed to stop such from happening. It is also deceptive to offer such a product to a consumer who is confused and vulnerable because of the company's recklessness.

**ANSWER:**   To the extent that this argument in paragraph 67 is construed as an allegation against Equifax, those allegations are denied.

68.   The service Equifax sold plaintiff included obtaining copies of her credit report for a charge.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.   Equifax's actions were unfair because:
   a.   Sound public policy dictates that a company should not be permitted to create a problem, or perceived problem, and then attempt to sell consumers a product designed to solve that problem;
   b.   It is oppressive to sell an identity theft prevention product to a consumer when that consumer has contacted the company to complain about a mixed credit file;
   c.   Plaintiff was adversely affected.  She paid for a service she did not need, and for which there were cheaper or free alternatives available, such as a security freeze and ordering her free credit report. 815 ILCS 505/2B.2.

**ANSWER:**   To the extent that this argument in paragraph 69 is construed as an allegation against Equifax, those allegations are denied.

70.   Plaintiff was damaged by these violations.

**ANSWER:**   Equifax denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:
   a.   Actual and punitive damages;
   b.   Attorney's fees and costs of suit; and
   c.   Any other relief the Court deems appropriate.

**ANSWER:**   Equifax denies that Plaintiff is entitled to any of the relief from Equifax set forth in her prayer for relief.   Any allegations contained in Plaintiff's Complaint not specifically responded to are denied by Defendant Equifax.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.  The Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Equifax and further fails to state facts sufficient to entitle the plaintiff to the relief sought, or to any other relief whatsoever, from Equifax.  Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the Supreme Court of the United States in the following cases:  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009).

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax; but rather, they were caused by another person or entity for whom or for which Equifax is not responsible.

## THIRD DEFENSE

Some or all of Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681h(e).

## FOURTH DEFENSE

At all pertinent times, Equifax acted in good faith and without malice or intent to injure plaintiff.

## FIFTH DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

## SIXTH DEFENSE

Equifax has complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability..

## SEVENTH DEFENSE

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

## EIGHTH DEFENSE

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

## NINTH DEFENSE

Equifax asserts that some or all of plaintiff's claims may be pre-empted by section 1681h(e) of the FCRA.

## TENTH DEFENSE

Equifax asserts that some or all of plaintiff's claims are barred by qualified immunity.

## ELEVENTH DEFENSE

To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *SAFECO Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

## **TWELVETH DEFENSE**

As a defense, Equifax asserts that the allegations contained in the complaint are filed in bad faith or for purposes of harassment pursuant to 15 U.S.C. § 1681o(b).

## **THIRTEENTH DEFENSE**

The Complaint is barred by the applicable statutes of limitation, including but not limited to, 15 U.S.C. § 1681p.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     That Equifax be dismissed as a party to this action;

(3)     That this lawsuit be deemed frivolous and Equifax recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)     That Equifax recover such other and additional relief, as the Court deems just and appropriate.

This 10th day of February, 2010.

Respectfully submitted,

*/s/ Michael D. Douglas*
Michael D. Douglas
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA 30309
404-572-4600
(Fax) 404-572-5100
mdouglas@kslaw.com

Jeremy S. Unruh
POLSINELLI SHUGHART, PC

161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
junrunh@polsinelli.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10, 2010, I have made service of the foregoing **EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES** the party(ies) listed below in the manner indicated:

| | | |
|---|---|---|
| Alexander H. Burke | ☐ | U.S. Mail |
| Burke Law Offices, LLC | ☐ | Facsimile |
| 155 N. Michigan Ave. | ☐ | Hand Delivery |
| Suite 9020 | ☐ | Overnight Courier |
| Chicago, IL 60601 | ☐ | Email |
| (312) 729-5288 | ☒ | Electronically via USDC CM/ECF |
| ABurke@BurkeLawLLC.com | | system |

Counsel for Plaintiff

| | | |
|---|---|---|
| Robert J. Schuckit | ☐ | U.S. Mail |
| William R. Brown | ☐ | Facsimile |
| Schuckit & Associates, P.C. | ☐ | Hand Delivery |
| Market Tower, 30th Floor | ☐ | Overnight Courier |
| 10 W. Market Street, Suite 3000 | ☐ | Email |
| Indianapolis, IN 46204 | ☒ | Electronically via USDC CM/ECF |
| rschuckit@schuckitlaw.com | | system |
| wbrown@schuckitlaw.com | | |

Michael J. Sreenan
Michael J. Sreenan
853 N. Elston Avenue
Chicago, IL 60622
(773)549-8700
msreenan@sreenanpc.com

Counsels for Trans Union LLC

| | | |
|---|---|---|
| Gabriel H. Scannapieco | ☐ | U.S. Mail |
| Jones Day | ☐ | Facsimile |
| 77 West Wacker Drive | ☐ | Hand Delivery |
| Chicago, IL 60601 | ☐ | Overnight Courier |
| (312) 782-3939 | ☐ | Email |
| Fax: (312) 782-8585 | ☒ | Electronically via USDC CM/ECF |
| gscannapieco@jonesday.com | | system |

Counsels for Experian Information
Solutions, Inc.

Lawrence M. Benjamin
Neal, Gerber & Eisenberg
Two North LaSalle Street
Suite 1700
Chicago, IL 60602
(312) 269-8000
lbenjamin@ngelaw.com

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email
☒ Electronically via USDC CM/ECF system

Counsels for Bank of America, N.A.

Jennifer H. Sarhaddi
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard #715
Chicago, IL 60604
(312) 379-8542
jsarhaddi@gradypilgrim.com

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email
☒ Electronically via USDC CM/ECF system

Counsels for HSBC U.S.A.

Jill A. Cheskes
Sara M. Stertz
Smith Amundsen, LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
(312) 894-3200
jcheskes@salawus.com
sstertz@salawus.com

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email
☒ Electronically via USDC CM/ECF system

Counsels for Citibank (South Dakota),
N.A.

/s/ Michael D. Douglas
Michael D. Douglas