UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA GREENE, </br></br> Plaintiff, </br></br> vs. </br></br> EQUIFAX INFORMATION SERVICES, INC., TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., GE MONEY BANK, AT&T MOBILITY, LLC, BANK OF AMERICA, NA HSBC USA INC., and CITIBANK (SOUTH DAKOTA) N.A., </br></br> Defendants. | Case No.: 1:09-cv-07547 </br></br> Judge Blanche M. Manning </br></br> Magistrate Judge Maria Valdez |

**ANSWER TO COMPLAINT**

COMES NOW, **GE Money Bank, FSB** (hereafter, "GEMB") and files its Answer and Affirmative Defenses to Plaintiff's Complaint.

GEMB responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1. GEMB denies the allegations in Paragraph 1 of the Complaint.

2. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and on that basis, denies the allegations.

3. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and on that basis, denies the allegations.

4. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and on that basis, denies the allegations.

5. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and on that basis, denies the allegations.

6. GEMB admits the allegations in paragraph 6.

7. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and on that basis, denies the allegations.

8. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and on that basis, denies the allegations.

9. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and on that basis, denies the allegations.

10. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and on that basis, denies the allegations.

11. GEMB admits that this Court has jurisdiction over this matter.

12. GEMB admits that venue is proper.

13. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and on that basis, denies the allegations.

14. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and on that basis, denies the allegations.

15. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and on that basis, denies the allegations.

16. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and on that basis, denies the allegations.

17. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and on that basis, denies the allegations.

18. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and on that basis, denies the allegations.

19. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and on that basis, denies the allegations.

20. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and on that basis, denies the allegations.

21. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and on that basis, denies the allegations.

22. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and on that basis, denies the allegations.

23. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and on that basis, denies the allegations.

24. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and on that basis, denies the allegations.

25. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and on that basis, denies the allegations.

26. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and on that basis, denies the allegations.

27. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and on that basis, denies the allegations.

28. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and on that basis, denies the allegations.

29. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and on that basis, denies the allegations.

30. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and on that basis, denies the allegations.

31.     GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and on that basis, denies the allegations.

32.     GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and on that basis, denies the allegations.

33.     GEMB incorporates herein by reference its responses and defenses to paragraphs 1 through 32.

34.     Paragraph 34 does not contain any allegations against GEMB. Therefore, GEMB believes no response is necessary. To the extent a response is necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

35.     Paragraph 35 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 35 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

36.     Paragraph 36 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 36 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

37.     GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, and on that basis, denies the allegations.

GEMB denies any allegations set forth in the "WHEREFORE" paragraph following Paragraph 37 of the Complaint.

38.     GEMB incorporates herein by reference its responses and defenses in all previous paragraphs.

39.     Paragraph 39 does not contain any allegations against GEMB. Therefore, GEMB believes no response is necessary. To the extent a response is necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

40.     Paragraph 40 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 40 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

41.     Paragraph 41 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to

Paragraph 41 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

  42. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint, and on that basis, denies the allegations.

  GEMB denies any allegations set forth in the "WHEREFORE" paragraph following Paragraph 42 of the Complaint.

  43. GEMB incorporates herein by reference its responses and defenses in all previous paragraphs.

  44. Paragraph 44 does not contain any allegations against GEMB. Therefore, GEMB believes no response is necessary. To the extent a response is necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

  45. Paragraph 45 does not contain any allegations against GEMB. Therefore, GEMB believes no response is necessary. To the extent a response is necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

  46. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations in Paragraph 46 of the Complaint.

  47. GEMB denies the allegations in Paragraph 47 of the Complaint.

  48. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations in Paragraph 48 of the Complaint.

  49. Paragraph 49 does not contain any allegations against GEMB. Therefore, GEMB believes no response is necessary. To the extent a response is necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

  50. GEMB denies the allegations in Paragraph 50 of the Complaint.

  GEMB denies any allegations set forth in the "WHEREFORE" paragraph following Paragraph 50 of the Complaint.

  51. GEMB incorporates herein by reference its responses and defenses in all previous paragraphs. GEMB admits that Count IV contains a claim against GEMB, but denies such claim is warranted. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 51, and on that basis, denies the allegations.

52. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations in Paragraph 52 of the Complaint.

53. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 54 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

55. GEMB denies the allegations in paragraph 55.

56. GEMB denies the allegations in Paragraph 56 of the Complaint.

GEMB denies any allegations set forth in the "WHEREFORE" paragraph following Paragraph 56 of the Complaint.

57. GEMB incorporates herein by reference its responses and defenses in all previous paragraphs.

58. Paragraph 58 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 58 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

59. Paragraph 59 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 59 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

60. Paragraph 60 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 60 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

61. Paragraph 61 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 61 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

62. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations in Paragraph 62 of the Complaint.

GEMB denies any allegations set forth in the "WHEREFORE" paragraph following Paragraph 62 of the Complaint.

63. GEMB incorporates herein by reference its responses and defenses in all previous paragraphs.

64. GEMB incorporates herein by reference its responses and defenses in all previous paragraphs.

65. Paragraph 65 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 65 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

66. Paragraph 66 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 66 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

67. Paragraph 67 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 67 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

68. Paragraph 68 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 68 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

69. Paragraph 69 of the Complaint is not directed to GEMB, and therefore GEMB believes no response is necessary. To the extent that a response by GEMB to Paragraph 69 is deemed necessary, GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

70. GEMB lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations in Paragraph 70 of the Complaint.

GEMB denies any allegations set forth in the "WHEREFORE" paragraph following Paragraph 70 of the Complaint.

**AFFIRMATIVE DEFENSES**

GEMB asserts the following affirmative defenses to preserve them at trial. As discovery in this matter proceeds and GEMB obtains additional information as to the applicable defenses, GEMB may withdraw inapplicable defenses as appropriate. Similarly, GEMB has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available to it. GEMB therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses may be appropriate.

1. Plaintiff's claims against GEMB are barred by 15 U.S.C.A. § 1681 (m)(c). on the basis that at the time of the alleged violation, GEMB maintained reasonable procedures to ensure compliance with this provision.

2. Plaintiff's claims against GEMB are barred by 1681s-2(b) on the basis that GEMB conducted a reasonable investigation into Plaintiff's fraud claims.

3. GEMB alleges that it acted in good faith at all times in its dealings with Plaintiff, and if any of its conduct is found to have been unlawful, which GEMB expressly denies, such conduct was not willful and would not give rise to liability.

4. GEMB alleges that it has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant state and federal laws.

5. Alternatively, any alleged acts or omissions of GEMB that give rise to Plaintiff's claims are the result of an unintentional, bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

6. Alternatively, any alleged acts or omissions of GEMB that give rise to Plaintiff's claims are the result of innocent mistake.

7. GEMB alleges that the Complaint and each purported Cause of Action contained therein were brought without a reasonable cause and without a good faith belief that there was a justiciable controversy under the facts and the law to warrant the filing of the Complaint against GE MONEY BANK; Plaintiff is therefore responsible for all necessary and reasonable defense by GE MONEY BANK, including attorney's fees incurred by GEMB in connection with this Complaint.

8. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by GEMB.

9. GEMB has committed no act or omission causing damage to Plaintiff.

10. The damages claimed by Plaintiff in the Complaint are speculative.

11. GEMB is entitled to an offset to the claims set forth in the Complaint sufficient to diminish or defeat Plaintiff's recovery thereunder. GEMB's offset includes, but is not limited to, various expenditures and Plaintiff's debt to GEMB.

12. GEMB alleges that it is not legally responsible for the acts and/or omissions of any named or unnamed cross-defendants, or of any cross-defendants named in this litigation as DOES or ROES

WHEREFORE, having answered Plaintiff's Complaint, GEMB requests dismissal of the Complaint and judgment in its favor, and all other relief, legal and equitable, to which GEMB is entitled.

Dated: February 10th, 2010

                                                Respectfully submitted,

                                                /s/Daniel J. O'Rielly
                                                Attorneys for GE Money Bank, FSB

Daniel J. O'Rielly
**O'Rielly & Roche LLP**
161 N. Clark Street, Suite 4700
Chicago IL 60601
Tel (312) 523-2102
Fax (312) 523-2030

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of February 2010, service of a true and complete copy of the above pleading was made upon the following by email through the Court's ECF system:

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
*Counsel for Plaintiff Brianna Greene*

Lawrence M. Benjamin
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, IL 60602
*Counsel for Bank of America, NA*

Michael J. Sreenan
853 N. Elston Avenue
Chicago, IL 60622
*Counsel for Trans Union LLC*

Robert J. Schuckit
William R. Brown
Schuckit & Associates, P.C.
10 West Market Street, Suite 3000
30th Floor Market Tower
Indianapolis, IN 46204
*Counsel for Trans Union LLC*

Jill A. Cheskes
Sara M. Stertz
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
*Counsel for Citibank (South Dakota) N.A.*

Jeffrey D. Pilgrim
Jennifer Hollenbeck Sarhaddi
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 715
Chicago, IL 60604
*Counsel for HSBC Bank USA, N.A.*

Gabriel H. Scannapieco
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
*Counsel for Experian Information Solutions, Inc.*

Michael D. Douglas
King and Spaulding LLP
1180 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
*Counsel for Equifax Information Services, Inc.*

Jeremy S. Unruh
Polsinelli Shughart, P.C.
161 N. Clark, Suite 4200
Chicago, IL 60601
*Counsel for Equifax Information Services LLC*

      /s/Daniel J. O'Rielly
      Attorneys for GE Money Bank, FSB