IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BRIANNA GREENE**,<br><br>    Plaintiff,<br><br>    v.<br><br>**EQUIFAX INFORMATION SERVICES, INC., et al.**<br><br>    Defendants. | **Civil Action No. 1:09-CV-7547**<br><br><br>**Hon. Judge Blanche M. Manning**<br><br><br>**Magistrate Judge Maria Valdez** |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

    Plaintiff respectfully requests that this Court enter the protective order attached hereto. In support of this motion, plaintiff states:

    1.    This is a Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. and Illinois Consumer Fraud, 815 ILCS 505/2 et seq. case arising out of the defendants' reckless treatment of plaintiff's credit reports and file. Plaintiff's credit has been mixed with another consumer's by the defendants.

    2.    The case involves substantial confidential information of consumers, including plaintiff and other consumers, and also will likely involve trade secrets of the defendants, such as how they differentiate among consumers when issuing credit and/or maintaining consumer information and/or sharing credit reports with third parties. The parties have all agreed that a protective order limiting the disclosure of certain materials to unauthorized persons is appropriate. Fed.R.Civ.P. 26(c).

    3.    The parties have been working via email to develop a "stipulated protective order" for three months – a process originally spearheaded by Experian's counsel, and which is taking a very long time to complete. Indeed, although some defendants are withholding materials because the protective order has not yet been entered, nearly all defendants have

apparently lost interest in having it entered.  Plaintiff has taken the most recent draft of the "stipulated" version, and modified it so that the Court may enter the protective order without further delay (such as waiting for all parties to "stipulate" and sign the order.

     4.     Based upon earlier communications regarding this protective order, plaintiff does not believe that any party will have any objection to the order as it is attached.

     WHEREFORE, plaintiff respectfully requests that the Court enter the attached protective order.

     Respectfully submitted,

     /s/Alexander H. Burke
     Counsel for Plaintiff

BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BRIANNA GREENE**,<br><br>    Plaintiff,<br><br>    v.<br><br>**EQUIFAX INFORMATION SERVICES, INC., et al.**<br><br>    Defendants. | **Civil Action No. 1:09-CV-7547**<br><br><br>**Hon. Judge Blanche M. Manning**<br><br><br>**Magistrate Judge Maria Valdez** |

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED that the following Protective Order is entered by the Court:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff and/or non-parties.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

    1.    This Order shall govern the use, handling and disclosure of all information produced or given in this action which is designated to be subject to this Order in accordance with the terms hereof.

    2.    Any party or non-party producing or filing information in this action may designate such information subject to this Order by typing or stamping on the front of the document or on the portion(s) of the document containing such information for which confidential treatment is designated, "Confidential."

    3.    "Confidential" information includes documents containing: confidential commercial information; proprietary and/or trade secret information; portions of confidential internal policy and procedures manuals; confidential account and consumer identification data;

non-public business information regarding the customers, business operations, assets, contracts, accounts and internal information of the parties; and credit information or other information involving privacy interests pertaining to non-parties.

4.     If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular information it designates as "Confidential" is disclosed to all other Parties or non-parties to this action, the Producing Party may designate those Particular documents as "Confidential—Attorneys' Eyes Only."

5.     To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such information shall designate such information as "Confidential," or "Confidential—Attorneys Eyes Only" and shall file it with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  No filing shall be filed under seal absent an order by the Court granting a motion, filed and noticed for hearing prior to the due date of the particular filing which contains any "Confidential" or "Confidential—Attorneys Eyes Only" information, showing good cause for sealing that particular document(s) or portion of document(s) which contains any "Confidential" or "Confidential—Attorneys Eyes Only" information.  Any party filing any document under seal must comply with the requirements of Civil Local Rule 5.8.

6.     All information subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

7.     Except with the prior written consent of the individual or entity designating information as "Confidential," or pursuant to prior Order after notice, any information given

"Confidential" treatment under this Order, and any information derived from any such information (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (f) purported experts specifically retained as consultants or expert witnesses in connection with this litigation, but in no event shall such purported experts retain or use in any manner information designated as "Confidential" after their involvement in this litigation or the litigation itself has concluded, whichever occurs first; and (g) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation.

8. If a question asked at a pre-trial deposition calls for an answer containing confidential information, or if the question contains confidential information, counsel for the party with an interest in protecting such information may request any person that is present at the deposition who would not otherwise be permitted access to the confidential information to leave the deposition until that confidential information has been disclosed. In addition, counsel for the party with an interest in protecting such confidential information shall, either at the deposition itself or within thirty (30) days after the transcript has been transcribed, notify all of the counsel on the record or in writing that the information provided in such answer or question is considered confidential and designate the specific portions of such deposition which shall thereafter be subject to the provisions of this Order. The substance and content of all pre-trial depositions shall automatically be deemed "Confidential" until thirty (30) days after transcription, but at the expiration of that time all non-designated portions thereof

automatically lose their confidentiality status.

9. Except with the prior written consent of the individual or entity designating information as "Confidential—Attorneys Eyes Only", or pursuant to prior Order after notice, any information given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information derived from any such information (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation; (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation ; (e) the Plaintiff; and (f) the author of the document or the original source of the information.

10. Information produced pursuant to this Order shall not be made available to any person designated in Subparagraphs 7(e) (as it applies to former employees), 7(f), 8(a) (as it applies to employees), 8(b) or 8(d) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance (Exhibit A).

11. All persons receiving any information produced pursuant to this Order shall be advised of its confidential nature.  All persons to whom confidential information is disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential information shall disseminate or disclose it to any person other than those described above in Paragraphs 7 and 8 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

12. Nothing in this Order shall prevent a party from using any information

designated "Confidential" or "Confidential—Attorneys' Eyes Only" at any stage in this litigation.

13. Nothing in this order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

14. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

15. Upon final termination of this litigation and after receiving notice from an individual or entity that has produced "confidential" or "attorney's eyes only" information, the party receiving notice shall destroy or, upon written request, return to the individual or entity having produced or furnished "confidential" or "attorney's eyes only" information all information afforded confidential treatment pursuant to this Order, including any documents, testimony, transcripts, other materials, extracts, summaries or compilations taken therefrom. A party shall have the greater of ten (10) days following receipt of notice or sixty (60) days after the final termination of this litigation to comply with the provisions of this Paragraph.

16. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 37.2. If the dispute cannot be resolved, either party may seek appropriate relief from this Court. However, it shall be the designating party's burden to demonstrate that its designation was proper. During the pendency of any challenge to the designation of information, the designated information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

17. Nothing herein shall affect or restrict the rights of any party with respect to its own information obtained or developed independently of information afforded confidential treatment pursuant to this Order.

18. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice

19. Nothing herein restricts or expands the scope of discoverable information under Fed.R.Civ.P. 26 and other applicable rules and laws.

20. Any party may, through motion before this Court, apply to have this Order partially or completely lifted upon good and just cause shown.

21. Any third party or additional party that submits to the jurisdiction of this Court may designate information under this Order.

22. Neither the termination of the litigation nor the termination of employment of any person who had access to any confidential information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

Dated: _____, _____                    _____
                                            UNITED STATES MAGISTRAGE JUDGE

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4 I have received a copy of the Stipulated Protective order entered in this action on _____, 2010.

5. I have carefully read and understand the provisions of this Stipulated Protective order.

6. I will comply with all provisions of this Stipulated Protective order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents, upon written request.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this \_\_\_\_ day of _____, 2010 at _____.

_____
QUALIFIED PERSON