IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BRIANNA GREENE**,<br>     Plaintiff,<br>          v.<br>**EQUIFAX INFORMATION SERVICES, INC.**, et al.<br>     Defendants | Civil Action No. 1:09-CV-7547<br><br>Hon. Judge Blanche M. Manning<br><br>Magistrate Judge Maria Valdez |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff respectfully requests that this Court grant her leave to file an amended complaint. The proposed Amended Complaint is attached as Appendix 1.

In support of this motion, plaintiff states:

1.    1.    This is a Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. and Illinois Consumer Fraud, 815 ILCS 505/2 et seq. case arising out of the defendants' reckless treatment of plaintiff's credit reports and file. Plaintiff's credit has been mixed with another consumer's by the defendants. These amendments should largely moot the defendants' motions to dismiss.

2.    Plaintiff seeks leave to file the Amended Complaint attached as Appendix 1. The proposed Amended Complaint adds two defendants and adds new factual and legal allegations regarding the existing defendants that were learned through discovery. It also deletes defendants Bank of America and AT&T Mobility, which are no longer part of the case.

3.    A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord*, *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th

1

Cir. 1981); *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993); *Nagy v. Riblet Products Corp.*, No. S90-202 (RLM), 1991 U.S. Dist. LEXIS 20128, *1, Fed. Sec. L. Rep. (CCH) P96,535 (N.D.Ind., Oct. 16, 1991); *Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 U.S. Dist. LEXIS 10261, *3-4, 55 Fair Empl. Prac. Cas. (BNA) 1535 (N.D.Ind. May 7, 1991); *Select Creations v. Paliafito Am.*, 830 F. Supp. 1213, 1215-16 (E.D.Wisc. 1993).

    4.    The amendments will not cause any prejudice to the defendants. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

    5.    Plaintiff files this motion in good faith, and not for any improper purpose. Plaintiff believes that this Amended Complaint will moot all or some of the issues in Citi's pending motion to dismiss. Plaintiff has settled with Bank of America, so that former party's motion to dismiss is also moot.

WHEREFORE, plaintiffs respectfully request that this Court grant her leave to amend the complaint in this action. The proposed Amended Complaint is attached as <u>Appendix 1</u>.

                    Respectfully submitted,

                    /s/Alexander H. Burke
                    Counsel for Plaintiff

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Appendix 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIANNA GREENE, | ) | |
|     Plaintiff, | ) | 1:09-cv-7547 |
|   v. | ) | |
| | ) | Judge Manning |
| EQUIFAX INFORMATION SERVICES, INC., | ) | |
| CSC CREDIT SERVICES, INC. | ) | |
| TRANSUNION, LLC, | ) | Magistrate Judge Valdez |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| GE MONEY BANK, | ) | |
| HSBC USA INC., | ) | |
| CITIBANK (SOUTH DAKOTA) N.A. and | ) | |
| DEPARTMENT STORE NATIONAL BANK, | ) | Jury Demanded |
|     Defendants. | ) | |

**AMENDED COMPLAINT**

1.      Brianna Greene ("plaintiff") files this complaint to secure redress for defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., and the Illinois Consumer Fraud Act 815 ILCS 505/2 et seq.

**PARTIES**

2.      Plaintiff is an individual who resides in this district.

3.      Defendant Equifax Information Services, Inc. ("Equifax") is a foreign corporation incorporated under the laws of the State of Georgia and registered to do and doing business in the State of Illinois through its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois.

4.      Defendant TransUnion, LLC ("Trans Union") is a consumer reporting agency that does business in Illinois.  It has an office at 555 W Adams, Chicago, Illinois 60661.  Its registered agent in Illinois is Prentice Hall Corp., 33 N. LaSalle St., Chicago, Illinois 60602.

1

5. Defendant Experian Information Solutions, Inc. is a consumer reporting agency. Its registered agent in Illinois is CT Corporation Service, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

6. Defendant GE Money Bank is a consumer lending institution. Its registered agent in Ohio is Diane Dix, c/o GE Consumer Finance, Inc. 950 Forrer Blvd, Kettering, OH 45420.

7. Defendant AT&T Mobility is a mobile phone company that regularly provides cellular telephone service to consumers, along with telephones to use those services, on credit.

8. Bank of America, NA ("Bank of America") is a national bank with branch offices in Chicago, Illinois. It is based in Charlotte, North Carolina, and has branches in this District.

9. HSBC USA, Inc. ("HSBC") is a Maryland corporation that is the owner of HSBC's credit card operations. The credit cards are serviced by other HSBC entities. Upon information and belief, HSBC USA, Inc. issued or owned the "HSBC BANK" and "HSBC/BOSTN" credit accounts listed on plaintiff's credit report.

10. Defendant Citibank (South Dakota) N.A. ("Citi") is a national bank that issues credit cards, including a Sears branded card. Its headquarters are in Sioux Falls, South Dakota.

11. Department Store National Bank ("DSNB") issues and services Macy's credit cards.

12. CSC Credit Services is an affiliate of Equifax.

**JURISDICTION**

13. This Court has federal question jurisdiction to hear this case under the Fair Credit Reporting Act, 15 U.S.C. § 1681p and supplemental jurisdiction over the state law claims.

14. Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred here.

**FACTS**

15. In or around January 2008, plaintiff was interested in exploring the possibility of a real estate purchase. She had a tri-merge credit report pulled on January 30, 2008, and discovered several erroneous accounts were being reported. She was also listed as having an alias of "Laquette M. Green."

16. Plaintiff called all three consumer reporting agencies in or about February 2008 to inquire about certain tradelines on the tri-merge.

17. Experian and Trans Union each told plaintiff on the phone that none of the tradelines she was complaining about were on her consumer report.

18. Equifax was reporting the erroneous information. Plaintiff told Equifax over the telephone that she had never been known as "Larquette" or anything similar, and told Equifax that several tradelines that appeared on her Equifax tri-merge report did not belong to her. Equifax told plaintiff that the problem was likely its fault, and instructed plaintiff to send them a fax.

19. In or about April 2008, plaintiff sent Equifax a facsimile again disputing several tradelines. Equifax sent communications to the furnishers of the information regarding plaintiff's dispute, with some incorrect information in the communications. The furnishers responded to Equifax that the disputed items were correct.

20. Over the next several months, the other consumer reporting agencies began reporting either plaintiff's alias or name as Larquette Green, and began reporting erroneous information on plaintiff's consumer report.

21. Plaintiff made a dispute with Experian in or about summer 2009.

22. Experian communicated the disputed information to the other credit bureaus, and to The defendant consumer reporting agencies "mixed" plaintiff's credit information with that of Larquette Green.

23. On September 30, 2009, as a result of information it received from Trans Union, plaintiff's legitimate credit card company lowered her credit limit on her credit card for reasons that may only be attributed to defendants' actions and the mixed file:

> SERIOUS DELINQUENCY AND PUBLIC RECORD OR COLLECTION FILED
> DELINQUENCY DATE TOO RECENT OR UNKNOWN
> PROPORTION OF REVOLVING BALANCES TO REVOLVING CREDIT LIMIT IS TOO HIGH
> FREQUENT DELINQUENCY

24. Upon information and belief, Trans Union provided M&I information about plaintiff that included that plaintiff had delinquencies. In fact, plaintiff did not have any delinquencies – the delinquencies reported to M&I Bank were those of some other person, most likely Larquette Green.

25. In or about October 7, 2008, plaintiff asked Equifax to place a fraud alert on her credit report. On the same call, Equifax sold plaintiff its "ID Patrol" product, which was supposed to "lock" plaintiff's credit and protect her from identity theft.

26. Equifax instituted a temporary 90 day fraud alert for plaintiff, and, upon information and belief, contacted the other credit bureaus to notify them of the fraud alert, but did not properly identify plaintiff in the communications to the other CRAs. Plaintiff recalls

paying Equifax for an extended seven-year fraud alert on that same call, too, but does not know if the extended fraud alert was ever instituted.

27. In fact, all three credit reporting agencies' letters to plaintiff confirming the fraud alert were addressed to "Larquette M Greene" at plaintiff's legitimate Chicago address.

28. Also in or October 2008, plaintiff did a police report because she believed that a person named "Larquette Green" stole plaintiff's identity.

29. Upon information and belief, Larquette Green applied for credit many times using her own name, address in Milwaukee, Wisconsin, and her own birthday. Upon information and belief, the only piece of information Larquette Green may have used that linked her with plaintiff was plaintiff's social security number. Upon information and belief, Larquette's social security number is very close to plaitniff's -- possibly only two digits' difference.

30. Alternatively, Larquette Green did not attempt to open credit in plaintiff's name, and the defendants provided plaintiff's social security number to potential creditors, which resulted in accounts being improperly linked with plaintiff's identity, and her credit mixed with Larquette Green's.

31. In either event, each of the three defendant credit bureaus issued consumer reports and/or plaintiff's personal data to third parties with obviously erroneous data on them.

32. Upon information and belief, based upon collection telephone calls plaintiff received, there was also an account opened by AT&T Mobility that was linked to plaintiff.

33. In or about April 2009, after plaintiff instituted her fraud alert with Equifax, another credit account, this time with Macy's was permitted to be opened in plaintiff's name.

5

34. Upon information and belief, each of the three defendant credit bureaus issued plaintiff's consumer report to third parties that the bureaus should have known did not have a permissible purpose to request or receive such.

35. Plaintiff did not learn, nor could she have learned with reasonable diligence, about any of the violations complained of herein until, at the earliest, January 30, 2008, when she had her credit report pulled.   Plaintiff learned about some violations well after this.

### COUNT I - 1681e(b) - Equifax, CSC, Experian and Trans Union

36. Plaintiff incorporates all previous paragraphs.  This Count is against Equifax, CSC, Experian and TransUnion.

37. Credit bureaus are required to follow reasonable procedures designed to assure maximum possible accuracy of consumers' credit reports.

38. Either defendants' procedures for compiling plaintiff's consumer report were not reasonable, or they did not follow the procedures they had with respect to plaintiff's consumer reports.  Either way, each separately violated 15 U.S.C. §1681e(b) with respect to plaintiff multiple times when they issued consumer reports with plaintiff's data mixed with someone else's data.

39. Defendants also otherwise willfully and negligently violated the FCRA, including but not limited to section 1681e(b).

40. Defendants' violations of section 1681e(b) was either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

41. Plaintiff was damaged by these violations.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax, Experian and Trans Union for:

a. Actual, statutory and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.

### COUNT II  1681b - Equifax, Experian, Trans Union, GE Money, Citi, DSNB

42. Plaintiff incorporates all previous paragraphs. This Count is against Equifax, CSC, Experian, TransUnion, GE Money Bank, Citi and DSNB.

43. The general rule is that consumer reporting agencies are not permitted to share consumer reports with anyone. There are limited exceptions to that rule.

44. None of the credit reporting agency defendants had a permissible purpose to share plaintiff's consumer report with any person requesting information about "Larquette Green."

45. Section 1681b also prohibits users of credit reports from obtaining a credit report for purposes other than the same permissible purposes delineated under this section. Both GE Money Bank and Citi obtained numerous credit reports and credit information of plaintiff when they knew or should have known that they did not have a permissible purpose to obtain such.

46. Equifax also reported plaintiff's disputes to the other two CRAs, with incorrect information.

47. Defendants also otherwise willfully and negligently violated the FCRA, including but not limited to section 1681b.

7

48. Defendants' violations of section 1681b were either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

49. Plaintiff was damaged by these violations.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax, Experian and Trans Union for:

    a. Actual, statutory and punitive damages;

    b. Attorney's fees and costs of suit; and

    c. Any other relief the Court deems appropriate.

### COUNT III - Illinois Consumer Fraud Act

50. Plaintiff incorporates all previous paragraphs. This Count is against Citi, HSBC, GE Money Bank and DSNB.

51. The credit-issuing defendants should not have issued credit under these circumstances, where the credit report they received had information different than that of their applicant.

52. Other creditors, such as Sprint, called plaintiff to verify whether it was plaintiff who was trying to open an account, or someone else. Upon information and belief, Capital One also received a credit application, and declined to extend credit because of suspected fraud or mistaken identity.

53. Consumer reporting agencies are required to notify creditors when the address listed in the request for a credit report is different than the address in the consumer reporting agency's files.

54. Upon information and belief, the consumer reporting agencies did, in fact, notify each of the above creditors that the address in the request for the consumer report was different from the address linked to plaintiff's social security number.

55. These defendants were reckless and wanton in issuing credit to a person other than plaintiff, when they knew or should have known based upon the disparate information, that the applications were fraudulent or mistaken.

56. Such actions and inactions constitute a fraudulent omission in violation of the Illinois Consumer Fraud Act.

57. Approving a fraudulent application for credit when the creditor should know the application was fraudulent is also unfair within the meaning of the Illinois Consumer Fraud Act because:

    a. Sound public policy dictates that a potential creditor give special scrutiny to possibly fraudulent credit applications;

    b. it is reasonable to assume that such omissions will adversely affect a consumer who has no idea that her rights have been violated, and therefore cannot protect herself from such; and

    c. The unknowing consumer is adversely affected.

58. Plaintiff was damaged by these violations.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Citi, HSBC, GE Money Bank and DSNB for:

    a. Actual and punitive damages;

    b. Attorney's fees and costs of suit; and

  c. Any other relief the Court deems appropriate.

## COUNT IV – Section 1681s-2(b)

59. Plaintiff incorporates all previous paragraphs. This Count is against GE Money Bank and Citi.

60. When plaintiff disputed the accuracy of several tradelines with Equifax on the telephone in about January 2008, and again by facsimile in about April 2008, Equifax forwarded those disputes to the respective creditors, including Citi, HSBC, GE Money Bank and Bank of America.

61. Both GE Money Bank and Citi erroneously reported that the account was that of plaintiff, when the accounts were truly those of Larquette Green or some other person. GE Money Bank and Citi should have done a better reinvestigation of the account.

62. For example, GE Money Bank could have contacted Larquette and Brianna in order to investigate the dispute, but did not. Similarly, Citi could have contacted Larquette and Brianna in order to investigate the dispute, but did not. Such could have been done through a telephone call. These defendants could also have asked the CRAs for more information, or for a clarification regarding the disputes, but did not.

63. Defendants thus willfully and/or negligently failed to accurately report plaintiff's credit card account after having conducted an investigation pursuant to section 1681s-2(b).

64. Defendants also otherwise willfully and negligently violated the FCRA, including but not limited to section 1681s-2(b).

65. Plaintiff was damaged by defendants' wrongful conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against GE Money Bank and Citi for:

a. Actual, statutory and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.

### COUNT V – 1681i – Equifax

66. Plaintiff incorporates all previous paragraphs. This Count is against Equifax.

67. Consumer reporting agencies such as Equifax are required to "reinvestigate" credit report tradelines that consumers dispute, pursuant to 15 U.S.C. §1681i.

68. Upon information and belief, Equifax failed to adequately reinvestigate plaintiff's disputes, the oral dispute and the faxed dispute, and possibly others. +

69. Had it adequately reinvestigated the tradelines, it would have noticed the obvious errors and contradictions in its credit reporting. Equifax may have also permitted a GE Money Bank account to be reinserted after it had been deleted pursuant to a request for reinvestigation.

70. Equifax violated section 1681i by sharing information, and incorrect information, regarding plaintiff and plaintiff's disputes with the other CRAs.

71. Equifax violated section 1681i(a)(2) by not communicating all of the relevant information in plaintiff's disputes to furnishers, and communicating incorrect information concerning plaintiff with the furnishers.

72. Defendant also otherwise violated the FCRA, including but not limited to section 1681i.

73.     Defendant's violations of section 1681i were either willful, or negligent.  15 U.S.C. §§1681n and 1681o.

74.     Plaintiff was damaged by defendants' actions and inactions.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:

      a.     Actual, statutory and punitive damages;

      b.     Attorney's fees and costs of suit; and

      c.     Any other relief the Court deems appropriate.

### COUNT VI - Illinois Consumer Fraud Act - Equifax

75.     Plaintiff incorporates all previous paragraphs. This Count is against Equifax.

76.     Plaintiff incorporates all previous paragraphs.

77.     Equifax sold plaintiff an identity theft prevention product during a telephone call plaintiff made to Equifax to complain about erroneous tradelines on her Equifax credit report.

78.     Equifax sold plaintiff this identity theft prevention product even though the operator/salesperson admitted during the telephone call that the problem was likely the fault of Equifax, and not of identity theft.

79.     It is an unfair practice for a company that has created the problem of a mixed credit file through its own reckless policies, to urge a consumer to purchase a product designed to stop such from happening.  It is also deceptive to offer such a product to a consumer who is confused and vulnerable because of the company's recklessness.

80.     The service Equifax sold plaintiff included obtaining copies of her credit report for a charge.

81. Equifax's actions were unfair because:

   a. Sound public policy dictates that a company should not be permitted to create a problem, or perceived problem, and then attempt to sell consumers a product designed to solve that problem;

   b. It is oppressive to sell an identity theft prevention product to a consumer when that consumer has contacted the company to complain about a mixed credit file;

   c. Plaintiff was adversely affected. She paid for a service she did not need, and for which there were cheaper or free alternatives available, such as a security freeze and ordering her free credit report. 815 ILCS 505/2B.2.

82. Plaintiff was damaged by these violations.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:

   a. Actual and punitive damages;

   b. Attorney's fees and costs of suit; and

   c. Any other relief the Court deems appropriate.

### COUNT VI – FCRA – 1681c-1 – Equifax, DSNB

83. Plaintiff incorporates all previous paragraphs. This Count is against Equifax.

84. The FCRA section 1681c-1 requires CRAs to refer information regarding fraud alerts to other CRAs. Equifax failed to refer information concerning plaintiff's fraud alert

13

to the other CRAs, and referred incorrect information concerning plaintiff of the other CRAs in violation of this section.

85. Furthermore, section 1681c-1 requires that users of credit reports take special measures when they receive a credit report with a fraud alert on it. Upon information and belief, DSNB received a fraud alert along with plaintiff's credit report, in connection with an application for credit by someone other than plaintiff. Upon information and belief, DSNB recklessly issued credit to someone other than plaintiff, which was associated with plaintiff's credit report and plaintiff, in violation of section 1681c-1.

86. Defendants also otherwise violated the FCRA, including but not limited to section 1681c-1.

87. The violations described herein were either negligent or willful.

88. Plaintiff was damaged by these violations.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against defendants for:

a. Actual, statutory and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.


Respectfully submitted,

/s/Alexander H. Burke
Counsel for Plaintiff


Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands a trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com