**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BRIANNA GREENE,**<br>　　Plaintiff,<br>　　　v.<br>**EQUIFAX INFORMATION SERVICES, INC., et al.**<br>　　Defendants | Civil Action No. 1:09-CV-7547<br><br>Hon. Judge Blanche M. Manning<br><br>Magistrate Judge Maria Valdez |

**PLAINTIFF'S MOTION FOR ENTRY OF ORDER PERMITTING DEFENDANTS TO SHARE INFORMATION CONCERNING LARQUETTE GREEN IN DISCOVERY**

Plaintiff respectfully requests that this Court enter the order attached as Appendix 1, which permits defendants to provide information concerning consumer Larquette Green, the person whose credit file was, or is, mixed with that of plaintiff.

In support of this motion, plaintiff states:

1.　This is a Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. and Illinois Consumer Fraud, 815 ILCS 505/2 et seq. case arising out of the defendants' reckless treatment of plaintiff's credit reports and file.

2.　Both the Credit Reporting Agency ("CRA") and creditor defendants have mixed plaintiff's credit file with that of another consumer, Larquette Green. Plaintiff requested information concerning Larquette Green in discovery, but defendants have resisted. The CRA defendants primarily resisted on the ground that providing such information would be illegal, pursuant to 15 U.S.C. §1681b, which prohibits a CRA from sharing credit information with anyone who does not have one of the delineated "permissible purposes."

3.　Congress anticipated circumstances such as these, and included a specific provision

1

in section 1681b(a)(1).  That section states:

> **(a) In general.  Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:**
>
> **(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.**

4.	Courts are uniform in their application of this unequivocal language that this provision permits exactly what it says: any court having jurisdiction may order a CRA to provide a credit report.   And in this case, the credit reports of Larquette Green are clearly discoverable because they very likely have information concerning the plaintiff on them.  And even if they do not, they will likely shed light on the defendants' credit reporting practices, and on damages.  For example, it would be very relevant to plaintiff's case for willful misreporting if Equifax was reporting Larquette Green's Citibank tradeline on both plaintiff's *and* Larquette Green's credit report; the credit card could not have belonged to both consumers.

5.	Respectful of Ms. Green's privacy, plaintiff has moved for a protective order that includes an "attorney's eyes only" designation, that may only be shared with extremely limited persons. The protective order also directs that no party may use Attorney's Eyes Only information for any purpose other than this case, and expressly states that the information may not be used for commercial purposes.  The proposed order for this motion, Appendix 1, designates these materials as Attorney's Eyes Only.

6.	Plaintiff's counsel has reached out to Ms. Green in order to obtain her consent to obtain this information, but Ms. Green has not responded.  Similarly, certain defense counsel and defendants, including Citibank, have attempted to locate Ms. Green in order to obtain her consent

to provide plaintiff's counsel with information, and Ms. Green has not responded. Requesting a court order that the credit files and credit reports and other information concerning Ms. Green be produced is a last resort.

7. Some courts have held that a subpoena is sufficient to satisfy the "court order" standard in section 1681b(a)(1). For example, the Sixth Circuit in *Hahn v. Star Bank*, 190 F.3d 708 6th Cir. 1999), dismissed a claim for violation of that section against an attorney who responded to a subpoena because the subpoena was sufficiently similar to an "order of the court." See also *In re Grand Jury Proceedings*, 503 F.Supp. 9, 12 (D.N.J.1980) (reasoning that an "order of a court" under this section of FCRA may be oral, may be a paper bearing the word "order" that is "signed by a judge or other judicial officer[,][o]r it may be a subpoena, writ of execution or other process."). Other courts have ordered credit reports to be produced in *FTC v. Thompson*, 2003 WL 22331297, at *5 (N.D.Ill. Apr. 16, 2003); FTC v. TLD Network, LTD, 2002 WL 32151633, at *4 (N.D.Ill. Feb. 28, 2002).

8. Plaintiff forwarded the proposed order in Appendix 1 to defendants in a good faith effort to resolve this issue without Court intervention, and to inquire whether the defendant would permit this motion to be filed as "agreed." All defendants have resisted, citing Ms. Green's privacy as the primary reason.

9. Defendants' objections ring hollow in light of the fact that they have access to this information, but are refusing to provide it to plaintiff. Their privacy argument is like the fox guarding the henhouse described by Judge Posner in *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 895 (7th Cir. 1981): the defendants mixed the consumers' files, and provided plaintiff's credit report to scores of third parties for two years because of their

reckless and inadequate procedures to prevent such, but now refuse to provide Ms. Green's information to plaintiff who has a legitimate need for such, including to remedy the errors the defendants caused in the first place.  Plaintiff is not filing this motion for any purpose other than for legitimate litigation purposes.  She has exhausted her efforts to obtain an "agreed" court order.

WHEREFORE, Plaintiff respectfully requests that this Court enter the order attached as Appendix 1, which permits defendants to provide information concerning consumer Larquette Green, the person whose credit file was, or is, mixed with that of plaintiff.

Respectfully submitted,

/s/Alexander H. Burke
Counsel for Plaintiff

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Appendix 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIANNA GREENE, | ) | |
|     Plaintiff, | ) | 1:09-cv-7547 |
| v. | ) | |
| | ) | Jury Demanded |
| EQUIFAX INFORMATION SERVICES, INC., | ) | |
| TRANSUNION, LLC, | ) | Judge Manning |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| GE MONEY BANK, | ) | Magistrate Judge Valdez |
| HSBC USA INC., and | ) | |
| CITIBANK (SOUTH DAKOTA) N.A. | ) | |
|     Defendants. | ) | |

**ORDER**

The Court being advised that there is an allegation of identity theft, mistaken identity and/or mixed credit files, the Court finds that disclosure of Larquette Green's credit data and documents will materially further, and promote resolution of this case.

It is therefore hereby ordered that each Consumer Reporting Agency defendant is ordered to provide plaintiff's counsel with information and documents concerning Larquette Green, pursuant to 15 U.S.C. § 1681b(a)(1), including Larquette Green's consumer reports and credit files. This information shall be treated as "Attorney's Eyes Only."

It is further ordered that all other defendants shall provide plaintiff's counsel with information and documents concerning Larquette Green.

Defendants have no duty to provide any documents or information that plaintiff does not request, and nothing in this order is to be construed to expand or restrict the scope of discoverable materials under Fed.R.Civ.P. 26 in this case.

_____                                        _____
Date                                                                 United States Magistrate Judge