**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **BRIANNA GREENE**,<br><br>Plaintiff,<br><br>**v.**<br><br>**EQUIFAX INFORMATION SERVICES, INC., et al.**<br><br>Defendants | **Civil Action No. 1:09-CV-7547**<br><br>**Hon. Judge Blanche M. Manning**<br><br>**Magistrate Judge Maria Valdez** |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF ORDER PERMITTING DEFENDANTS TO SHARE INFORMATION CONCERNING LARQUETTE GREEN IN DISCOVERY**

This case is about an individual consumer, Brianna Greene ("Plaintiff"), complaining that inaccurate credit information was mixed into *her* consumer reports, that *her* consumer reports were disclosed to third parties without a permissible purpose, and that one credit reporting agency ("CRA"), Equifax Information Services LLC ("Equifax"), failed to perform a reasonable re-investigation of information appearing in *her* credit file.[1] (*See, e.g.,* Am. Compl., Dkt. No. 92.) Despite alleging causes of action related solely to the contents of her individual consumer reports, and without explanation of how it will advance her claims in this case, Plaintiff's Motion asks this Court to force Experian Information Solutions, Inc. ("Experian") and all other defendants to open up their confidential records regarding *a separate* non-party consumer, Larquette Green, at the expense of her privacy rights. Plaintiff makes this request even though Larquette Green's Experian file contains no credit information relating to Plaintiff and contains no other information that is probative of whether or not Experian (or any other defendant) mixed

[1] Plaintiff's claims against the various non-CRA defendants do not stem from the contents of her consumer reports or CRA credit files and therefore do not relate to her current request for disclosure.

inaccurate information into *Plaintiff's* consumer report, disclosed *Plaintiff's* consumer report to third parties without a permissible purpose, or whether Equifax failed to reasonably reinvestigate the accuracy of information appearing in *Plaintiff's* credit file.[2] Accordingly, Experian opposes Plaintiff's Motion for Entry of Order Permitting Defendants to Share Information Concerning Larquette Green Discovery (the "Motion," Dkt. No. 79).

**ARGUMENT**

Plaintiff seeks disclosure of the personal credit information of a consumer not involved in this lawsuit in an attempt to somehow show that Experian violated the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). (*See* Am. Compl. at ¶¶ 36-49, 66-74.) Plaintiff's request relies on the uninformed and un-evidenced assumption that Larquette Green's credit file includes account information pertaining to Plaintiff and "will shed light on the defendants' credit reporting practices" and "damages." (Motion ¶ 4.) Under this faulty assumption, Plaintiff seeks this Court's Order compelling Experian and the other defendants to disclose Larquette Green's consumer reports and credit files.[3] These reports contain Larquette Green's confidential credit information (known as "trade lines") including account names, account numbers, account balances, and payment history. This Court should not issue an order requiring any defendant to produce such information because Plaintiff's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and violate Larquette Green's financial privacy rights.

[2] Larquette Green *has not given Plaintiff permission to access her private consumer information.* (Motion ¶ 6.) Thus, the only way that Experian could legally disclose such a report is in response to a court order. *See* 15 U.S.C. § 1681b. While Experian opposes Plaintiff request, in part, because Plaintiff lacks a permissible purpose for receiving Larquette Green's private credit information, it also opposes producing the information because it is not relevant to Plaintiff's claims and the disclosure would unnecessarily infringe on Larquette Green's congressionally recognized privacy rights.

[3] Plaintiff's Motion, styled as a motion "Permitting Defendants To Share Information," seeks to compel defendants to produce Larquette Green's private consumer information over their timely objections. As such, Plaintiff "bears the initial burden of proving that the information sought is relevant." *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993).

## I. PLAINTIFF'S REQUEST IS NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE

Plaintiff's request for disclosure of Larquette Green's confidential consumer information seeks third-party information that is neither relevant nor likely to lead to the discovery of relevant information related to her claims. (*See, e.g.*, Am. Compl.) The underlying litigation involves the reporting of *Plaintiff's* credit history. Plaintiff is the only person that has put the accuracy of her consumer reports at issue and she is the only person whose credit information is relevant. It is hard to fathom how information contained in a separate consumer's credit file—which was never included in Plaintiff's Experian credit file—could possibly have any relevance to whether Experian or any other CRA or credit furnisher reported inaccurate information about the Plaintiff, disclosed her consumer report without a permissible purpose, or failed to conduct a reasonable reinvestigation of the information appearing in her credit file.

### A. Plaintiff Must Satisfy a Heightened Relevancy Standard.

Federal Rule of Civil Procedure 26 limits the scope of discovery, allowing "discovery on any matter, not privileged, that is relevant to any party's the claim or defense. . . ." Fed. R. Civ. P. 26(b)(1); *see Autotech Tech. Ltd. P'ship*, No. 05-cv-5488, 2007 U.S. Dist. LEXIS 69135, at *11 (N.D. Ill. Sept. 18, 2007) ("Under the Federal Rules of Civil Procedure . . . discovery must still be relevant to the claim or defense of any party") (attached as Ex. A). However, when nonparty discovery is involved, the standard permitting discovery of "any nonprivileged matter that is relevant to any party's claim or defense" does not apply. *Bio-Vita Ltd. v. Biopure Corp.*, 138 F.R.D. 13, 17 (D. Mass. 1991); *see Candor Diamond Corp. v. Rama Manufacturing Co., Inc.*, 26 B.R. 847 (S.D.N.Y. 1983) ("Restrictions on discovery may be broader where a non-party is the target of discovery to protect such third parties from . . . disclosure of confidential information."). Instead, "[i]t is a generally accepted rule that standards for nonparty discovery

require a *stronger showing of relevance*[.]" *Zukoski v. Philadelphia Elec. Co.*, No. 93-cv-4780, 1994 U.S. Dist. LEXIS 16187, at *10 (E.D. Pa. Nov. 14, 1994) (emphasis added) (attached as Ex. B); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986). No matter what standard of relevance this Court chooses to apply, Larquette Green's confidential credit information is simply not relevant.

B. **Larquette Green's Consumer Information Is Not Relevant.**

Plaintiff wishes to review the contents of Larquette Green's credit file to "shed light on the defendants' credit reporting practices" and "damages." (Motion ¶ 4.) Plaintiff utterly fails to meet her burden of demonstrating that Larquette Green's confidential credit information is relevant to either one of these topics or any other claim alleged in her Amended Complaint.

1. **Larquette Green's credit information is not relevant to Plaintiff's FCRA claims.**

Plaintiff's FCRA claims, the only claims regarding the contents of Experian's consumer files, relate solely to alleged inaccuracies in, disclosure of, and investigation of Plaintiff's *individual* credit file. *See, e.g.*, 15 U.S.C. § 1681b; *id* at § 1681e(b) ("a consumer reporting agency . . . shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the *individual about whom the report relates*) (emphasis added); *id.* at § 1681i ("[I]f the completeness or accuracy of any item of information *contained in a consumer's credit file* . . . is disputed . . . the [consumer reporting] agency shall, free of charge, conduct a reasonable reinvestigation. . . .") (emphasis added). Accordingly, courts recognize that a plaintiff can recover only for the improper assembly, disclosure, or investigation of his or her own consumer report. *See Barron v. Trans Union Corp.*, 82 F. Supp. 2d 1288, 1296 (M.D. Ala. 2000) ("[T]o have standing under the FCRA, the disputed consumer report must 'relate[ ]' to *the individual bringing suit*.") (emphasis added); *Washington v. CSC Credit Services, Inc.*, 194

F.R.D. 244, 252 (E.D. La. 2000) (finding that a wife lacked standing to challenge the procedures used to protect her husband's credit report). Any information contained in Larquette Green's credit file cannot, as a matter of law, support a claim for liability or damages under the FCRA and is therefore irrelevant to Plaintiff's claims.

### 2. Larquette Green's Experian credit file contains no account information for Brianna Greene.

Larquette Green's Experian credit file only contains account information (known as "trade lines") linked to the name variations "Larquette Green," "Laquette Green," "Larquette M. Green," and "Laroquette Green." (Ex. C, Centanni Decl., ¶ 10.) Plaintiff, however, admits that she has "never been known as 'Larquette' or anything similar[.]" (Am. Compl. ¶ 18.) Larquette Green's Experian credit file does not contain the name "Brianna Greene." (Ex. C ¶ 11.) No account information reported in Plaintiff's credit file appears in Larquette Green's credit file.[4] (*Id.* ¶ 9.) Nor has Experian reported identical credit information on both Plaintiff's *and* Larquette Green's credit report. (*Id.* at ¶ 8.) Thus, Plaintiff lacks any basis, besides her counsel's *ipse dixit,* that Larquette Green's Experian consumer reports "very likely have information concerning the Plaintiff on them"—an insufficient basis upon which to compel the production of Larquette Green's credit information. *See Concord Boat Corp. v. Brunswick Corp.*, No. 96 C 6026, 1996 U.S. Dist. LEXIS 18012, at *11 (N.D. Ill. Dec. 4, 1992) ("Mere assertions of necessity are insufficient to establish that [certain] documents are relevant to the instant case.") (attached as Ex. D); S*tephens v. Chicago*, 203 F.R.D. 353, 358 (N.D. Ill. 2001) (a

[4] Experian gathers information provided to Experian by "furnishers," such as credit card issuers, lenders, and other creditors. (Ex. C ¶ 4.) Furnishers report credit information relating to individual consumers to Experian as "trade lines" which can consist of credit account information such as account number, account status, and balance information. (*Id.* ¶ 5.) Along with the trade lines, furnishers report certain consumer identifying information associated with the trade line, such as the consumer's name. (*Id.*) When a request for a consumer credit report (an "inquiry") is submitted, Experian's databases compare and match the identifying information provided in the inquiry string to the identifying information reported with each trade line and generate a consumer report. (*Id.* ¶ 6.)

plaintiff may not rely on conclusory allegations "as the predicate to launch overly broad and predatory discovery requests"). Plaintiff simply fails to make the requisite "strong showing of relevance" needed to justify disclosure of Larquette Green's credit information.

**3. Disclosing Larquette Green's credit information will not "shed light on the defendants' credit reporting practices."**

Disclosure of Larquette Green's consumer information will provide no insight into the procedures used by Experian or the other CRAs to compile and report consumer credit information. (Ex. C ¶ 12.) Consumer reports include only information about the particular consumer. *See* 15 U.S.C. § 1681a(d)(1) (a consumer credit report is "any written, oral or other communication of any information by a consumer reporting agency bearing on *a consumer's* credit worthiness. . . ."). As consumer reports include only information about the particular consumer, they provide no information on CRAs methods for segregating trade line data into individual consumer files. (*See id.;* Ex. C ¶ 12.) Moreover, Experian is careful to mask its methods of compiling consumer information into consumer reports for commercial and security reasons. (*Id.* ¶ 13.) Thus, Larquette Green's consumer reports will not provide any insight into the CRAs credit reporting practices. (*Id.* ¶ 12-13.)

Even if Larquette Green's individual's consumer file could shed light on the CRAs' reporting practices, Plaintiff would be able to gleen the identical information from the documents contained in her own credit file. Plaintiff provides no explanation, let alone evidence, demonstrating why the disclosure of Larquette Green's credit file—a file containing no accounts regarding Plaintiff—would somehow divulge additional information regarding the intricacies of Experian's or the other CRAs' reporting practices. As such, her Motion should be denied. *See Concord Boat Corp. v. Brunswick Corp.,* No. 96 C 6026, 1996 U.S. Dist. LEXIS 18012, at

*10-11 (N.D.Ill. Dec. 4, 1992) (denying motion to compel based, in part, on plaintiff's ability to "gleen the necessary information from documents which it received from its other requests").

### 4. Larquette Green's credit information is not relevant to Plaintiff's alleged damages.

Plaintiff's Amended Complaint alleges several damages related to: (1) the alleged failure to follow reasonable procedures in "*compiling plaintiff's consumer report*" and "issu[ing] consumer reports with plaintiff's data mixed with someone else's data" (Compl. ¶¶ 36-41); (2) the alleged disclosure of "*plaintiff's consumer report* with [persons] requesting information about 'Larquette Green'" (*id.* ¶¶ 42-44, 46-49); and (3) Equifax's alleged failure to "reinvestigate plaintiff's disputes" regarding information appearing in her consumer report (*id.* ¶¶ 15, 18, 67-74). None of these damages relate to either the reporting of Larquette Green's credit file or the hypothetical inclusion of Plaintiff's information in Larquette Green's credit file. The contents of Larquette Green's credit file have no relevance to Plaintiff's alleged damages.

## II. DISCLOSURE OF LARQUETTE GREEN'S CREDIT INFORMATION WILL VIOLATE HER CONGRESSIONALLY RECOGNIZED PRIVACY RIGHTS

Even if Larquette Green's credit information had some mysterious relevance to Plaintiff's FCRA claims (which it does not), the Court should nonetheless deny Plaintiff's Motion because any slight possibility of discovering relevant evidence is outweighed by the downside inherent in violating Larquette Green's privacy rights.

### A. Plaintiff Must Satisfy A Multifactor Balancing Test To Obtain Disclosure of Larquette Green's Confidential Credit Information. [5]

When confidential information about a non-party is being sought, "the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to [her] case to outweigh the harm disclosure would cause to the person from whom he is seeking

[5] There is no dispute as to the confidentiality of Larquette Green's personal credit information. (*See* Motion ¶ 5; Am. Compl. ¶ 43; 15 U.S.C. 1681b.)

the information." *Concord Boat Corp.*, 1996 U.S. Dist. LEXIS 18012, at *9 (citing *Stanley Works v. Newell, Co.*, 1992 U.S. Dist. LEXIS 13817, at *2 (N.D. Ill. 1992) (attached as Ex. E); *Greater Rockford Energy and Technology Corp. v. Shell Oil Co.*, 138 F.R.D. 530, 534 (C.D. Ill. 1991)). Moreover, the party requesting disclosure of confidential third-party information "must make a *strong showing of need.*" *Litton Indus. v. Chesapeake & Ohio Ry.*, 129 F.R.D. 528, 531 (E.D. Wis. 1990) (emphasis added). To determine whether Plaintiff makes a strong showing of need, the Court is to consider a number of factors, including "the relevance of the requested information to the underlying litigation, the party seeking discovery's need for the information, whether the requests are burdensome, [and] the fact that the party from whom discovery is being requested is a non-party to the underlying case. . . ." *Concord Boat Corp.*, 1996 U.S. Dist. LEXIS 18012, at *9-10; *Stanley Works*, 1992 U.S. Dist. LEXIS 13817, at *2; *Greater Rockford*, 138 F.R.D. at 534. The existence of a protective order in this case does not relieve Plaintiff from satisfying this balancing test, as "[t]here is a constant danger inherent in disclosure of confidential information pursuant to a protective order." *Litton Indus.*, 129 F.R.D. at 531; *Greater Rockford*, 138 F.R.D. at 538.

**B. The Balancing Test Favors Denial Of Plaintiff Motion.**

**1. Disclosure of Larquette Green's credit information would unduly burden her congressionally recognized privacy rights**

This court must weigh Larquette Green's interest in maintaining the privacy of her credit information strongly against disclosure. *See Application of Credit Information Corp of NY*, 457 F. Supp. 969, 972 (S.D.N.Y. 1978). ("[I]t is necessary for a court to consider the purposes for which disclosure is sought and to make a reasoned determination as to whether granting the requesting party access to the consumer's file for such purposes would violate the consumer's rights."); *Hecht v. Pro-Football, Inc.*, 46 F.R.D. 605, 607 (D.C. Cir. 1969) (granting motion to

limit *subpoena duces tecum*, finding, because of privacy interest at stake, request for financial information of non-parties was "unreasonable and oppressive"); *U.S. v. Federation of Physicians and Dentists, Inc.*, 63 F. Supp. 2d 475, 480 (D.Del. 1999) (denying motion to compel third party financial information). The information contained in consumer reports is extremely personal information that most consumers do not want subject to the whims of third parties. The FCRA therefore recognizes CRAs' grave responsibility to protect the privacy of the hundreds of millions of consumers whose highly sensitive personal information they have been entrusted. *See TRW v. Andrews*, 534 U.S. 19, 23 (2001) (Congress enacted the FCRA to "protect consumer privacy"); *Trans Union Corp. v. FTC*, 81 F.3d 228, 234 (D.C. Cir. 1996) ("[A] major purpose of the [FCRA] is the privacy of a consumer's credit-related data."); 15 U.S.C. 1681(a)(4) (the FCRA directly addresses the need to "respect . . . the consumer's right to privacy").

In assessing the weight to assign Larquette Green's privacy rights, *Federation of Physicians* is instructive. *See, e.g.*, 65 F. Supp. 2d 475. There, the District of Delaware denied the government's motion to compel disclosure of non-party financial information. *Id.* at 480. Rejecting the government's attempt to obtain individual financial information from orthopedic surgeons and their practice groups, the court explained in vivid detail the right of non-parties to be free from intrusion into their financial affairs and weighed that right strongly against the government's requests. *Id.* at 479-80. The Court emphasized that "[f]inancial information of non-parties in a lawsuit has been held by courts to be private and not routinely available for discovery," and found the government's discovery request "oppressive because it would impose an undue burden" on the non-parties through the disclosure of their confidential financial information. *Id.*

Disclosure of Larquette Green's private credit information would flagrantly violate the explicit statutory purpose of protecting consumer privacy. Consequently, because the information of which Plaintiff seeks disclosure is a third-party's private financial information, and because the information is unrelated to resolve the issue at the crux of the litigation—whether inaccurate information was reported in a consumer report pertaining to Plaintiff—the burden imposed by the disclosure of Larquette Greene's financial information should weigh heavily in favor of denying Plaintiff's Motion.[6]

2. **Larquette Green's confidential consumer information is irrelevant.**

Larquette Green's confidential credit information is not relevant to Plaintiff's claims because it does not relate to the Plaintiff, it provides little if any information regarding the CRAs' credit reporting practices or damages, and it cannot, as a matter of law, support Plaintiff's FCRA claims. (*See*, Section I, *supra.*) As such, this factor also weighs strongly against disclosure. *See Concord Boat Corp.*, 1996 U.S. Dist. LEXIS 18012, at *10-11.

3. **Plaintiff fails to articulate a sufficient need for Larquette Green's credit information.**

Plaintiff's stated need for Larquette Green's consumer credit information does not satisfy the requirements for a court order. As explained above, Larquette Green's credit file does not contain any trade lines linked to Brianna Greene. Thus, the only information that would be disclosed would be trade line information linked to Larquette Green. Plaintiff, however, has yet to offer a single justification for disclosing *Larquette Green's* credit information to the parties in this litigation. Such information relates solely to a non-party consumer, is contained in a separate consumer report, and is no more probative of Plaintiff's claims than Al Green's, Seth

[6] An order allowing Plaintiff access to consumer credit information belonging to others would create a slippery slope threatening the privacy interests protected by the FCRA. For example, future plaintiffs could arguably gain access to the credit reports of consumers with similar identifying information in every case in which a consumer alleged his or her credit file was "mixed."

Green's, or Tom Green's personal consumer information. Because Larquette Green's consumer information will not show the presence of identical trade lines in both credit files nor will tell Plaintiff anything about the defendant CRAs' procedures, there is no need or benefit to disclosing Larquette Green's confidential credit information.

4. **Larquette Green is a non-party to this litigation**

Larquette Green is a non-party to this litigation and Plaintiff offers no indication that she has informed Larquette Green of the attempt to procure her consumer information via court order. This factor also favors denial of Plaintiff's Motion. *See, e.g., In re Vaughn*, 496 F. Supp. 1080 (N.D. Ga. 1980) ("[T]he legislative purpose of protecting the privacy of credit information would be frustrated unless the Court allows the individuals on whom credit information is sought to respond to such a motion.").

* * *

All of the applicable balancing test's factors weigh decisively against disclosure of Larquette Green's private credit information. For this reason, this Court should deny Plaintiff's Motion.

**CONCLUSION**

For these reasons, Defendant Experian Information Solutions, Inc. respectfully requests that the Court deny Plaintiff's Motion for Entry of Order Permitting Defendants to Share Information Concerning Larquette Green in Discovery (Dkt. No. 79), and grant any other relief to which it may be entitled.

Dated: May 5, 2010

Respectfully submitted,

s/ Gabriel H. Scannapieco
Gabriel H. Scannapieco (#6287298)
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1592
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
gscannapieco@jonesday.com

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I, Gabriel H. Scannapieco, certify that on the 5th day of May, 2010, I served the foregoing **Experian Information Solutions, Inc.'s Opposition To Plaintiff's Motion for Entry of Order Permitting Defendants to Share Information Concerning Larquette Green in Discovery** via electronic delivery to all parties that have filed an appearance in this matter at their e-mail addresses on file with the Court.

| | | |
|---|---|---|
| **Alexander Holmes Burke**<br>Burke Law Offices, LLC<br>155 N. Michigan Ave.<br>Suite 9020<br>Chicago, IL 60601<br>(312) 729-5288<br>Email:ABurke@BurkeLawLLC.com | **William R. Brown**<br>**Karen Reisinger**<br>**Robert J. Schuckit**<br>Schuckit & Associates, P.C.<br>30th Floor, Market Tower<br>10 W. Market Street, Suite 3000<br>Indianapolis, IN 46204<br>317 363 2400<br>Fax: 317-363-2257<br>Email: wbrown@schuckitlaw.com<br>Email: rschuckit@schuckitlaw.com<br><br>**Michael Joseph Sreenan**<br>Michael J. Sreenan<br>853 N. Elston Avenue<br>Chicago, IL 60622<br>(773)549-8700<br>Email: msreenan@sreenanpc.com | **Michael D. Douglas**<br>King & Spalding, LLP<br>Business Litigation<br>1180 Peachtree Street, NE<br>Suite 1700<br>Atlanta, GA 30309<br>(404) 572-4600<br>Fax: (404) 572-5100<br>Email: mdouglas@kslaw.com<br><br>**Jeremy S. Unruh**<br>Polsinelli Shughart PC<br>161 North Clark Street<br>Suite 4200<br>Chicago, IL 60601<br>312-873-3617<br>Email: junruh@polsinelli.com |
| **Lawrence Mitchell Benjamin**<br>**Tonya Gentry Newman**<br>Neal, Gerber & Eisenberg<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL 60602<br>(312) 269-8000<br>Email: lbenjamin@ngelaw.com<br>Email: tnewman@ngelaw.com | **Daniel J. O'Rielly**<br>O'Rielly & Roche LLP<br>161 N. Clark Street<br>Suite 4700<br>Chicago, IL 60601<br>(312) 523-2102<br>Fax: (312) 523-2030<br>Email: djo@oriellyroche.com | **Jeffrey D. Pilgrim**<br>**Jennifer Hollenbeck Sarhaddi**<br>Grady Pilgrim Christakis Bell LLP<br>53 West Jackson Boulevard<br>#715<br>Chicago, IL 60604<br>(312) 379-8542<br>Email: jsarhaddi@gradypilgrim.com |
| **Jill A. Cheskes**<br>**Sara Marie Stertz**<br>SmithAmundsen, LLC<br>150 North Michigan Avenue<br>Suite 3300<br>Chicago, IL 60601<br>(312) 894-3200<br>Email: jcheskes@salawus.com<br>Email: sstertz@salawus.com | | |

/s/ Gabriel H. Scannapieco
Gabriel H. Scannapieco